IN THE UNITED STATES NORTHERN
DISTRICT COURT FOR CALIFORNIA

MICHAEL LYNN WATERS
PLAINTIFF,

V.

A.W. COOK
DEFENDANT(S)

C 07-4683-CRB (PR)

CASE NO:

TO: HON: U.S. DISTRICT COURT
JUDGE: CHARLES R. BREYER

**FILED**

MAR 2 7 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

EMERGENCY MOTION

REQUEST FOR PREMISSION
TO PRESENT A DECLARATION
TO DEFENDANT: DEPUTY WARDEN
F. JACQUEZ, WHO IS THE KEY-
EYEWITNESS TO CONCLUDE
UNDISPUTED FACTS OF THIS CASE:

IN RESPONDING TO THE (WAIVER OF REPLY) DATED ON: (MARCH 12, 2008)
by DEFENDANTS ATTORNEY, DEFENDANT F. JACQUEZ), WHO PLAINTIFF
REPEATEDLY ASKED THE (OTHER) DEFENDANT(S) TO SPEAK WITH TO PROVE
THE SINGLE-CELL WAS ORDERED IN COMMITTEE by HIM AND A.W.
C. PATTEN: THESE WARDEN(S) ARE CLEARLY UNAWARE THAT CCII-UNFOR,
THE RECORDER —

IN PRO SE
MICHAEL LYNN WATERS
# P-16171    A-1-208
PELICAN BAY STATE PRISON
P.O. BOX 7500
CRESCENT CITY, CALIFORNIA
95532

IN THE COMMITTEE HAD) PRESENTED) FALSE DOCUMENTS before
THEM TO (SIGN):

THEREFORE, PLAINTIFF NOW (SHALL) PRESENT A (NO) WIN
SITUATION, WHERE THIS MATTER WAS ALWAYS A CLEAR MISUNDERSTANDING:

SEE (EXHIBIT-A)
    THE DECLARATION WHICH IS REQUESTED) THAT DEFENDANT (F.
JACQUEZ TO ANSWER UNDER OATH HIMSELF.

SEE (EXHIBIT-B)
    WITHIN THE DECLARATION ITSELF, THE FALSE COMMITTEE DOCUMENT
    (3/8/06) WITHOUT ANY STATEMENTS ? (PLAINTIFF WASN'T THERE),

SEE (EXHIBIT-C)
    THE (602) SIGNED) by: F. JACQUEZ > GRANTING SINGLE-CELL STATUS
ON (3/6/06) THE SAME DAY OF COMMITTEE ACTION:

    SEE (EXHIBIT-D)
        THE DELAY DATE OF (3/8/06) BECAUSE PLAINTIFF WAS PLACED)
        IN THE INFIRMARY > CONCERNING (O.C.D.) AND) OVER MEDICATED:

            SEE (EXHIBIT-E) + (EXHIBIT-F)
    THE ONLY (STATEMENT) BY: CCI-MELTON ) THAT PLACED) PLAINTIFF
IN THE (BMU) PROGRAM AND) TOOK HIS SINGLE-CELL, ON THE REQUEST
FOR INTERVIEW; (ALSO: CCI-MELTON) WAS ON THE VERY SAME (COMMITTEE)
TO PLACE PLAINTIFF IN THE BMU PROGRAM.
            < CASE-LAW >

    SEE (DIERCKS V. DURHAM, 959 F.2d 710 (8TH CIR. 1992) PRISON
SUPERVISOR WHO SAT IN JUDGEMENT OF HER OWN COMPLAINT IN
DISCIPLINARY PROCEEDINGS AGAINST INMATE VIOLATED) INMATES DUE
PROCESS RIGHTS AND) WAS SUBJECT TO LIABILITY; >

## CONCLUSION

PLAINTIFF CONTENDS HERE THAT. DUE TO THE PBSP OFFICIALS NOT WILLING TO QUESTION OTHER OFFICIALS AND, THAT ANY COMMITTEE ACTION PRESENTED IS TRUE AND CORRECT.

HOWEVER, PLAINTIFF HAS ALWAYS BEEN AN OUTSPOKEN INMATE WHO WILL, MUST, SHALL, OPEN HIS MOUTH WHEN HE IS RIGHT, AS WELL AS, ALL COMMITTEE ACTIONS IN WHICH PLAINTIFF WAS PRESENT, HE HAD MADE SOMEKIND OF A STATEMENT.

PLAINTIFF NOW MUST REQUEST THAT THE DEFENDANT ANSWER TRUTHFULLY UNDER PENALTY OF PERJURY. AND THAT F. JACQUEZ MAY REVIEW PLAINTIFF WHO IS IN (A-1-208) WITH (NO) PROBLEM TO (REFRESH) HIS MIND AS TO WHO I AM.

RESPECTFULLY

3/18/08
DATED.

MICHAEL LYNN WATERS
Michael Lynn Waters
PRINT — SIGNATURE

PROOF OF SERVICE

CERTIFICATE OF SERVICE

I, MICHAEL LYNN WATERS, HEREBY CERTIFY THAT I AM OVER THE AGE OF (18) YEARS AND A PARTY TO THE WITHIN ACTION: ON, 3/18/08, SERVED THE WITHIN DOCUMENTS ON THE PARTY(S) LISTED bELOW:

BY PLACING SAID DOCUMENTS IN THE U.S. MAIL HERE AT: PELICAN BAY STATE PRISON - P.O. BOX 7500 - CRESCENT CITY, CALIFORNIA 95532:

(JUDGE'S)

OFFICE OF THE CLERK
U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CALIFORNIA
94102

ATTORNEY GENERAL'S OFFICE
LILY A. KORTMAN
DEPUTY ATTORNEY GENERAL
455 GOLDEN GATE AVENUE,
SUITE 11000,
SAN FRANCISCO, CA
94102-7004

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT:

3/18/08
DATED

Michael Lynn Waters
SIGNATURE

(4 OF 4)



9

## DECLARATION

I _____ HEREBY CERTIFY THAT I AM
    CHIEF DEPUTY WARDEN F. JACQUEZ
THE VERY SAME PERSON LISTED IN (EXHIBIT-B) THE SIGNED CHAIR
PERSON.

I FURTHER STATE THAT I HAVE PERSONALLY CONFRONTED PLAINTIFF,
INMATE (MICHAEL LYNN WATERS) # P-16171  A-1-208 >

AS THE ORDER OF THE UNITED STATES NORTHERN DISTRICT COURT OF
CALIFORNIA (DISTRICT COURT JUDGE) (HON. CHARLES R. BREYER) HAS REQUESTED.
I NOW HAVE FOUND THAT INMATE (WATERS) WAS THE VERY SAME INMATE
WHO WAS IN A (HEATED) ARGUMENT WITH (A.W. C. PATTEN) IN COMMITTEE,
CONCERING HIS (O.C.D.) (MASTURBATION) ISSUES. AS INMATES KEPT STATING
TO (A.W. C. PATTEN) TO SIGN HER OWN NAME STATING THAT SHE GAVE
PERSONAL ORDERS TO HAVE INMATE (WATERS) TO DOUBLE-CELL WHILE IN (EOP).

I FURTHER STATE THAT I HIMSELF STOPPED THIS ARGUMENT BETWEEN
THEM, HAD (THE) (2) TWO ESCORTING OFFICIALS TO TAKE THIS INMATE OUTSIDE
WHILE (WE) DISCUSSED THIS ISSUE. THE COMMITTEE THEN CONCLUDED
THAT INMATE (WATERS) WOULD BECOME (SINGLE-CELL-STATUS) WHEN
RELEASED INTO (EOP).

I FURTHER STATE THAT I WAS UNAWARE OF ANY (FALSIFIED)
DOCUMENT OF THIS COMMITTEE ACTION OF (3-8-06). I ONLY ASSUMED
THIS DOCUMENT TO HAVE BEEN CORRECT WHEN PLACED BEFORE ME TO SIGN.
I DID (SIGN) THE (602) ON (3/6/06) THE SAME DAY AS (ICC)
(EXHIBIT-E) AS LISTED UNDER APPEAL (A06-00110) WANTS SINGLE-
CELL-STATUS) (EXHIBIT-D) WAS THE DUE DATE (3-8-06)
FOR THE DELAY- DUE TO (WATERS) WAS PLACED IN THE (INFIRMARY)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING
IS TRUE AND CORRECT.

                DATED _____ / _____ SIGNATURE



State Of California                                                                                    Department of Correction
                                                                                                              CDC 128

No: P 16171      Name: WATERS, Michael           Housing B1-115
Cust: CLOB           CS: 89(IV-ASU)              WG/PG: A2/B(3-30-05)        Assign: EOP Level IV
Rel Date: MEPD 3-29-17    Reclass: 3-29-06(30 ASU) 12-20-06(Ann)    Action: Auth Rel To PBSP IV GP EOP @ Bed Avail
                                                                          Reaff Cust, (OK D/C In GP), WG/PG A2/B

S appeared before Pelican Bay State Prison (PBSP) Facility B, Psychiatric Services Unit (PSU), Institution Classification Committee (ICC) for Initial Administrative Segregation Unit (ASU) Review. Prior to committee Correctional Counselor II (CCII), S. O'Dell was assigned as Staff Assistant and was present during committee. Committee effectively communicated with the S by use of simple English. Committee notes CDC Form 128-C, Medical/Madrid Chrono, dated 3-8-06 indicating Enhanced Outpatient Program (EOP) Level Of Care (LOC) and the S does meet the court ordered criteria for exclusion from PBSP Security Housing Unit (SHU). S was in PBSP Level IV General Population (GP) A-6 and has often refused to be double celled. S was moved to the infirmary 2-19-06, and to PBSP PSU on ASU status on 2-28-06, awaiting bed space in GP EOP. S need for EOP LOC supports PSU for EOP LOC pending GP Bed space. Prior to committee S was issued a copy of his CDC Form 114-D, Order and Hearing for Placement in Segregated Housing with no Investigative Employee assigned, as the issues are not complex and S did not reasonably request witnesses. Note Medical General Chrono CDC 128-B dated 10-11-05 which clears S for Double celling in GP. Note UCC action of 12-22-05 which clears S for double cell in GP.

Committee acts to: Authorize Release To PBSP IV GP EOP, at Bed Availability; reaffirm custody as CLOB, cleared for double celling in GP; reaffirm Work and Privilege Group (WG/PG) as A2/B effective 3-30-05. This is a non-adverse transfer, and upon transfer S's Custody and Work/Privilege Group (WG/PG) shall be CLOB, A1/A.

This action was with the recommendation and agreement of clinical mental health care staff in order to enhance S's mental health care needs. The Staff Mental Health Clinician, who was a participant in this committee, confirmed the S's LOC to be EOP. The Staff Mental Health Clinician indicated S has a high degree of participation in the Mental Health Program. The Staff Mental Health Clinician determined the S is capable of understanding and participating in the classification hearing. The Clinician recommended to the committee chairperson, the S should continue EOP LOC.

Case factors may be reviewed in CDC Form 128-G, Classification Chrono dated 1-11-05. S is not foreign born. There are no holds, escapes, arsons, or sex offenses noted. Disciplinary history includes last CDC Form 115, Rule Violation Report (RVR) dated 12-19-04 for disrespect, with prior RVRs for threat to inmate, delaying a Peace Officer (P/O), disobeying orders, work failures, possession of weapon, disruptive, and falsifying documents. S has served two Security Housing Unit (SHU) Terms (S/Ts) with last Minimum Eligible Release Date (MERD) expiring 9-4-04. S is NDD per CDC Form 128-C2, Clark Medical Chrono dated 6-23-03. S is continually being evaluated for health care services per the Clark Decision, by his assigned clinician. TB Code is 22 per CDC Form 128-C, dated 4-5-05. Education level is noted as Reading Grade Point Level (RGPL) of 7.5. CDC Form 812, Notice Of Critical Case Information-Safety Of Persons does reflect enemies, but none at PBSP, and gang/TIP association of Bloods. S's confidential portion of his C-File is clear. County of Last Legal Residence (CLLR) is Los Angeles (LA), but S was also a then recent resident of Louisiana. S is ineligible for CCRC, CCF, MSF, Camp, SAP/SATF or Restitution Center placements due to his current Psychiatric concerns, and representing an unacceptable risk to the community. Restitution is required. Registration/Notification is required for Penal Code (PC) 3058.6, PC 296 (Blood & Saliva). S meets the criteria for 180 degree designed facility based on SHU/PSU placement within the last three years.

S's appeal rights were explained and the S acknowledged understanding of committee's actions and agrees with the action. S is advised that any appeal of the Committee action must be submitted to PBSP Appeals Office within 15 working days of date of committee, whether S has received his copy of CDC Form 128-G, Classification Chrono or not. Penal Code (PC) 2930 and PC 2934 complied with.

Com. Memb:

        Chair: F. Jacquez, CDW(A)    C. Patten, A/W(A)    Recorder: R. A. Linfor, CCII    Clinician: V. Cappello, LCSW

Dist: ☒ C-File (Original)   ☒ Inmate   ☒ CCII   ☐ OBIS   ☐ CSR   ☐ IGI   ☐ PSYCH   ☐ MED   ☐ C&PR   ☐ OTHER

Date: 3-8-06                          Classification Chrono                          PBSP Fac. B  PSU
                                      Initial ASU PSU Review                         RAL PSU Disk # 35 (P16171a.Doc)



First Level   ☒ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 1-24-06    Due Date: 3-8-06

Interviewed by:  CCII Swearingen

_____

_____

_____

_____

_____

Staff Signature:  M. A. Smelosky    Title: CDW    Date Completed: 3/6/06

Division Head Approved:    Returned
Signature: _____    Title: AWSP    Date to Inmate: 3/6/06    03/08/06

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

═══════════════════════════════════════════════════════════════════

Second Level   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____    Date Completed: _____

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

═══════════════════════════════════════════════════════════════════

For the Director's Review, submit all documents to:  Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

.................................................................

DIRECTOR'S ACTION:   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: PBSP

Institution/Parole Region
1.
2.

Log No.
1. A06-00110
2.

Category 2/5
Wanfs Single
Cell Status

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME MICHAEL L. WATERS | NUMBER P-16171 | ASSIGNMENT NANE | UNIT/ROOM NUMBER A-6/218 |
|---|---|---|---|

A. Describe Problem: SEE ATTACHED PAGE + EXHIBIT
IT IS CLEARLY UNDERSTANDED WE THAT I DID DESCRIBE MY PROBLEM
IN THIS SECTION, BUT ANYWAY,
I HAVENT RECEIVED A COPY OF THE (SINGLE-CELL-CHRONN) OF (10/13/05
THE SINGLE CELL STATUS THAT I'M AN NOW WAS by THE (ICC-CAPTAIN) TO SEE THE
DOCTORS/IDTT - for further SINGLE-CELL, IN WHICH I SEND THE DOCTORS TODAY
12/7/05 - RUBEN + BUTLER > WHO STATED THAT THEY HAD IDTT ON ME, WITH MR. TABOLE
BUT, THEIR IS NO-RECORD OF IT, BUTLER STATED THE only RECORDS WE HAS IS (FEB-OF-05.)
If you need more space, attach one additional sheet. SEE ATTACHED PAGE < PLEASE? THANK YOU 7

B. Action Requested TO HAVE COUNSEL/WATAN TO BACK OFF ME WITH HIS
RECKLESS WAYS, AND BECAUSE OF ME BEING ON SINGEL-CELL NOW
by THE (CAPTAIN) THAT I SPEAK WITH < LIEUTENANT - P.I. TERRY > AND
DOCTOR RUBEN) ONLY, PLESE ALLOW THE (LIEUTENANT) TO MAKE THE SINGEL-CELL-CALL!

Inmate/Parolee Signature: Michael Lynn Waters    Date Submitted: 11/6/05

C. INFORMAL LEVEL (Date Received: _____)
Staff Response: THEY forced ME TO LIVE WITH SOMEONE
BUT OF EVILNESS, THEY RECORDS WILL PROVE my POINTS,

Staff Signature: Michael Waters    Date Returned to Inmate: 1-12-06

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

NOV 1 5 2005    DEC 9 2005    JAN 1 3 2006



23

State of California                                                          Department of Corrections
                                                                            Pelican Bay State Prison

# Memorandum

Date    :    February 27, 2006

To      :    WATERS, P16171
             PBP00000001835

             Log Number: PBSP-A-06-00110

Subject:    **EXCEPTIONAL DELAY IN REVIEW OF APPEAL**

This is to notify you that the due date on the above referenced appeal has been extended for the
following reason:

☑ Unavailability of the appellant, or staff or inmate witness.

☑ Complexity of the decision, action, or policy.

☐ Necessary involvement of other agencies or jurisdictions.

I/m is Currently in Infirmary in a Crisis bed. He needs to be interviewed.

This notification is required per the California Code of Regulations, Title 15,
Section 3084.6(b)(6). The new estimated completion date is   03-08-06                        .

Appeals Coordinator
Pelican Bay State Prison

*[handwritten top right]* CHECK (PSU) LOG
BOOK AF (3-6-06)

## FIRST LEVEL APPEAL RESPONSE

DATE: March 3, 2006    *[handwritten]* WRONG DATE
APPEAL NUMBER: PBSP-A06-00110
INMATE: WATERS, P-16171
APPEAL DECISION: GRANTED

APPEAL ISSUE (MODIFIED):

You are requesting to be single celled and to have that based on your mental health issues.

FINDINGS:

D. Swearingen, Correctional Counselor II (CCII), was assigned to investigate your complaint as the First Level Reviewer. A review of your appeal, attachments, and prior staff responses has been completed. During the course of the investigation, the following information was noted:

An investigation of your complaint revealed you went from Building A6-218 to the Infirmary, on February 19, 2006, into a "Crisis Bed." You received a basic cell move on February 28, 2006, to B1-115 (PSU). You went to ICC committee on February 28, 2006, and were made single cell status. In your 602, you requested Lt. Terry, Facility A Lieutenant, to do the single cell review. This now appears to be a moot issue, as you are no longer on Facility A and you are currently single cell status in PSU. Your mental health issues are being addressed and the issues addressed in your 602 are currently in place.

DETERMINATION OF ISSUE:

A thorough review of the allegation presented in this complaint has been completed. Based on the above, your appeal is Granted at the First Level of Review.

M. A. SMELOSKY
Facility Captain, Facility A

FRANCISCO JACQUEZ
Associate Warden, General Population
*[handwritten]* YOU GRANTED/WROTE ON 3/6/06 !

*[handwritten]* IF THE 602 WAS GRANTED ON MARCH 3, 2006! THEREFORE, SINGLE CELL STATUS FOR CF WAS ASKED IN MY 602!
WENT TO ICC ON 3-6-06!

## MENTAL HEALTH PLACEMENT/REMOVAL

NAME: WATERS, MICHAEL CDC#: P-16171 HOUSING: CTC-185 DATE: 2-28-06

## COMPLETE SECTION "A" OR "B" AS APPROPRIATE:

**A.**    This inmate has completed a mental health assessment with the following results:

[ ] DOES NOT MEET COURT ORDERED AT RISK
CRITERIA FOR EXCLUSION FROM SHU

[X] MEETS COURT ORDERED AT RISK CRITERIA
FOR EXCLUSION FROM SHU

[ ] DOES NOT MEET CRITERIA FOR INCLUSION
IN THE MENTAL HEALTH TREATMENT POPULATION

[X] MEETS INCLUSION CRITERIA FOR THE MENTAL HEALTH
TREATMENT POPULATION

[X] No    [ ] Yes    Inclusion is based upon Medical Necessity. (Obtain Chief Psychiatrist/Designee signature.)

[X] PRESENTLY INCLUDED IN MENTAL HEALTH TREATMENT POPULATION, NEW LEVEL OF CARE.

Level of Functioning Assessment (GAF) score or equivalent: 60.    Psychotropic Medication: YES: [X]    NO: [ ]

Behavioral Alerts:_____

Previous Level of Care:
[ ] Inpatient DMH.    [X] Crisis Beds (MHCB)    [ ] Enhanced Outpatient (EOP)    [ ] Clinical Case Management (C³MS)
[ ] NO Mental Health Needs    [ ] Other:_____

Treatment Team's Current Level of Care Recommendation:
[ ] Inpatient DMH.    [ ] Crisis Beds (MHCB)    [X] Enhanced Outpatient (EOP)    [ ] Clinical Case Management (C³MS)
[ ] NO Mental Health Needs    [ ] Other:_____

**B.**    THIS INMATE HAS COMPLETED A MENTAL HEALTH ASSESSMENT AND <u>DOES NOT MEET CRITERIA FOR INCLUSION IN THE MENTAL HEALTH TREATMENT POPULATION</u>. (Check applicable box below.)

[ ] As of _____ this CCCMS inmate is in remission and free of psychotropic medication. Clinical discharge from Mental Health Treatment Population will be on _____.

[ ] The inmate is removed from the Mental Health Treatment Population.

[ ] The inmate's clinical situation was one of medical necessity as diagnosed by CDC clinical staff on _____. Medical necessity is no longer applicable, treatment has stopped and the inmate is removed from Mental Health Treatment Population.

[ ] This inmate was initially designated as a Mental Health Treatment Population patient at a Reception Center or institution without a Mental Health Treatment Population program. Within the last 90 days the inmate has transferred to a Mental Health Treatment Population facility and a review of the inmate's Unit Health Record and assessment by the Interdisciplinary Treatment Team concludes the inmate does not meet the criteria for continued inclusion in the Mental Health Treatment Population.

Additional Information: DX: SEVERE O.C.D.

cc:    CC-II
       C-File
       Health Records

_Paul C. Buttes Ph.D._
Treatment Team Chairperson

_Paul C. Butler Ph.D._
(Please print name legibly)

_____
Chief Psychiatrist or Designee

_J. Douglas, MD_
(Please print name legibly)

DATE: 2-28-06 NAME: WATERS, M.    CDC#: P-16171    HOUSE: CTC-185    128-C PBSP

MHLOC.DOC 7/23/03

# NOTE: SEND C( Y OF PHYSICIAN'S ORDER  )R MEDICATION TO PHARMACY AFTER EACH ORDER IS SIGNED..

## Plan

| Plan Dt/Tm | Plan | Provider |
|---|---|---|
| 02-20-2006 1249 | I suppose he could be a Bipolar with psychosis who is currently not manic o psychotic, but I strongly doubt that diagnosis based on the features of the case as they present now and the history. It is not clear that the psychotic symptoms are real at all and if they are they exist in complete isolation from any other aspects of any of the known Psychotic DOs. He does not have a drug history that would suggest an atypical psychosis etiology. I think there is probably something wrong with him, but it is not a psychotic disorder or a mood disorder. He is an ASPD with some sort of OCD syndrome Over the years the secondary gains from being seen as severely mentally ill and the inadvertent teaching on how to present himself as such to MH professionals who do not look beneath the surface and take C/Os at face value has muddied the picture. What I do take at face value is that he is sincere when he says he wants help. When asked and listened to, what he clearly says he wants is counseling and a correct diagnosis that he can then learn about in order to be a real partner in his treatment. Instead, as he puts it, "all they do is give me medications". That he gets grossly sedated on average doses of Keppra nad Geodon is a clue in itself that these medications are not addressing his real problem. He says he did the best when he was on Zoloft alone. Next best on Zoloft and Seroquel, once Seroquel was added for the "voices". The results of these meds trials reenforce the hypothesis that this illness may have started off as a form of OCD. Taken with the other information collected and the MSE, they are essentially dispositive. So my diagnosis is ASPD and OCD. We will start by stopping all his psych meds. In a few days we will start a trial of an SSRI. | DOUGLAS, MD, JOHN |

## Medications

| Start Dt/Tm | Medication | Strength | Rte | Freq | Duration | Provider |
|---|---|---|---|---|---|---|
| 02-20-2006 1306 | PENICILLIN VK 500MG TABLET | 500 MG | PO | QID | 10 | DOUGLAS, MD, JOHN |
| 02-20-2006 1308 | IBUPROFEN 800 MG TABLET | 800 MG | PO | QIDPRN | 10 | DOUGLAS, MD, JOHN |

Confidential client information
See W & I Code, Sections 4514 and 5328

CDC #: P16171
Name(L,F,M,S): WATERS, MICHAEL

## PHYSICIAN'S ORDERS

Visit Start·Dt/Tm: 02-26-2006 0853    Encount `ype: CTC ADMIT

Visit Reason: CTC MHCB

## Objective

## Medical Diagnosis

Code: 999999    Description:    BY HX BIPOLAR D/O W/ PSYCH. FEATURE

Axis:    GAF:    Status:    COMPLETE    Provider: LAKE, PSYD, CLAUDIA

Diagnosis Dt/Tm: 02-19-2006 1155    Resolve Dt/Tm: 02-22-2006 1115    Priority:

Notes:

Code: 999999    Description:    OBSESSIVE COMPULSIVE DISORDER

Axis:  I    GAF:    Status:    CURRENT    Provider: DOUGLAS, MD, JOHN

Diagnosis Dt/Tm: 02-22-2006 1117    Resolve Dt/Tm: 00-00-0000 0000    Priority:    001

Notes:

This is the correct diagnosis. Cease using the "complete" diagnosis.

## Plan

Provider: LAKE, PSYD , CLAUDIA    Plan Dt/Tm: 02-26-2006 0856    Completed By:

Completed Dt/Tm:    Patient Education:  N    Phone Order Status:    NONE

Entry Date: 02-26-2006 0856    Entered By: MPIMSCKL, LAKE, PSYD

Plan is to discharge today to EOP if bedspace is available.

## Order

CDC #: P16171

**PHYSICIAN'S PROGRESS NOTES**    Name(L.F.M.S): WATERS, MICHAEL, ,

## Order

### Medications

| Start Dt/Tm | Medication | Strength | Rte | Freq | Duration | Provider |
|---|---|---|---|---|---|---|
| 02-22-2006 1133 | ZOLOFT 100 MG TABLET | 100 MG | PO | AM | 14 | DOUGLAS, MD, JOHN |
| 02-28-2006 1024 | ZOLOFT 100 MG TABLET | 100 MG | PO | AM | | DOUGLAS, MD, JOHN |

### Treatments

| Start Dt: | CPT | Treatment | Freq | Anatomical Location | Provider |
|---|---|---|---|---|---|
| 02-22-2006 1132 | FULL | FULL ISSUE | NA | | DOUGLAS, MD, JOHN |
| 02-22-2006 1133 | BC | BEHAVIOR CHECK Q1H FOR LOS | QH | | DOUGLAS, MD, JOHN |

### Tests

| Order Dt/Tm | Test/Instructions | Ordered By: |
|---|---|---|
| 02-22-2006 1137 | OTHER | DOUGLAS, MD, JOHN |
| | Zoloft level to be done in 10 days. | |

## Notes

**Entry Date:** 02-22-2006 1053      **Entered By:** MPIMSJWD,   DOUGLAS, MD

Today Dr Levine and I have a long diagnostic interview with him in the interview cell. As suspected, it turns out he has a number of obsessions and compulsions. He counts his paces in sixes and indeed does everything in sixes or multiples thereof. He has a big stack of legal papers and has to look at every page every day. He told me before that he masturbates five times every day, but now we know it is actually precisely six times per day.

His "voices" turn out not to be A/H, but are obsessional thoughts he percieves as unacceptable or alien.

Most tellingly, he was embarassed by these symptoms and was reluctant to admit them—this in a man who had no inhibitions to claiming gross symptoms of psychosis. This shame over the symptomatic thoughts and actions is almost pathognonomic of OCD when present in the context of other features of the syndrome. He was also obviously relieved to have doctors ask him the right questions to reveal these symptoms.

I explained that this is a treatable illness these days with a much better prognosis than any chronic psychosis and with better tolerated treatment. We will not need to treat him with anything that will be likely to cause sedation.

---

| | |
|---|---|
| **PHYSICIAN'S PROGRESS NOTES** | **CDC #:** P16171 <br> **Name(L.F.M.S):** WATERS, MICHAEL, , |

## Plan

**Provider:** DOUGLAS, MD , JOHN          **Plan Dt/Tm:** 02-20-2006 1249          **Completed By:**

**Completed Dt/Tm:**          **Patient Education:** N          **Phone Order Status:** NONE

**Entry Date:** 02-20-2006 1249          **Entered By:** MPIMSJWD, DOUGLAS, MD

I suppose he could be a Bipolar with psychosis who is currently not manic or psychotic, but I strongly doubt that diagnosis based on the features of the case as they present now and the history. It is not clear that the psychotic symptoms are real at all and if they are they exist in complete isolation from any other aspects of any of the known Psychotic DOs. He does not have a drug history that would suggest an atypical psychosis etiology.

I think there is probably something wrong with him, but it is not a psychotic disorder or a mood disorder. He is an ASPD with some sort of OCD syndrome. Over the years the secondary gains from being seen as severely mentally ill and the inadvertent teaching on how to present himself as such to MH professionals who do not look beneath the surface and take C/Os at face value, has muddied the picture.

What I do take at face value is that he is sincere when he says he wants help. When asked and listened to, what he clearly says he wants is counseling and a correct diagnosis that he can then learn about in order to be a real partner in his treatment. Instead, as he puts it, "all they do is give me medications". That he gets grossly sedated on average doses of Keppra nad Geodon is a clue in itself that these medications are not addressing his real problem.

He says he did the best when he was on Zoloft alone. Next best on Zoloft and Seroquel, once Seroquel was added for the "voices". The results of these meds trials reenforce the hypothesis that this illness may have started off as a form of OCD. Taken with the other information collected and the MSE, they are essentially dispositive.

So my diagnosis is ASPD and OCD.

We will start by stopping all his psych meds. In a few days we will start a trial of an SSRI.

---

**PHYSICIAN'S PROGRESS NOTES**

**CDC #:** P16171

**Name(L.F.M.S):** WATERS, MICHAEL, ,

CDC 7230
STATE OF CALIFORNIA          DEPARTNEMT OF CORRECTIONS



10/16/06    RECORD OFFICE    (WATERS)    P-16171

B-8-110    NONE    FROM    TO

Clearly state your reason for requesting this interview

Hopefully, WOULD YOU PLEASE SEND ME A COPY OF ANY RECORD OR
HOW TO RECEIVE (THAT I WAS (SINGEL-CELL-STATUS) WHILE IN (EOP)
B-3-117-FROM (3-28-06)- JUNE-2006?) THANK YOU SO VERY MUCH.
IT DON'T SHOW THIS SINGEL-CELL-ON PAPER-WORK?

Drelton CCI    10-19-06

You were not single celled in EOP. You refused to
double cell.



**NO:** P-16171
**Custody:** CLO B
**RelDate:** MEPD 03/29/2017

**NAME: WATERS, Michael**
**CS:** 89 (IV)
C/C Eff. 09/21/06
Reclass: 10/25/06

**Housing:** B8-110
**Assignment:** VUN
**Action:** PLACE IN BMU PROGRAM FOR 90 DAYS. PLACE ON STEP 1 OF ITP FOR 30 DAYS. ESTABLISH C/C EFFECTIVE 09/21/06. REMOVE FROM JOB ASSIGNMENT. REMOVE DUA WL.

Inmate Waters appeared before PBSP FAC B BMU UCC on this date for Initial Review. Committee notes CDC 128C, Mental Health Screening chrono, dated 06/15/06, denoting CCCMS level of care. DDP Review: 128C-2 in Central File. Prior to Committee, Correctional Counselor I Webster was assigned as staff assistant and was present during Committee. The staff assistant was assigned for the following reason: CCCMS level of care. Committee notes S has an RGPL of 7.5. Effective communication was achieved using short sentences and simple English, and S appeared to understand. Grooming standards and PBSP expectations were discussed and S stated he was willing to comply. Committee notes S's reason for Behavior Modification Unit (BMU) placement is due to: S was deemed a program failure defined by the CCR, Title 15, Section 3000 by ICC. S is determined to be compatible with another inmate and refuses to voluntarily double cell, or refuses to participate in the racial integration policy as defined in the Johnson v. State of California settlement agreement. The Director's rules, PBSP expectations, and specific privileges and non-privileges of WG/PG C/C were thoroughly explained. Placement score is a current Level IV score of 89 points. Mandatory score of 19 is noted for VIO suffix. S was advised to notify staff immediately of any enemy situation which may arise. Committee noted S has no cellmate, and the "S" suffix has not previously been applied. S is approved for 180 design facilities. S meets 180 Design Level IV criteria due to Code A1 (SHU placement during the last three years). **Committee acts to place S into the BMU program for 90 days and pace on step # 1 of Individual Treatment Plan (ITP) for 30 days. S advised of his ITP which includes the basic requirement that he remain disciplinary free for 90 days prior to any consideration for his release from BMU and his completion of the selected behavior modification assignments. Establish WG/PG C/C status effective 09/21/06. Remove from current assignment (Voluntarily unassigned) and DUA waiting list, and continue at CLO B custody. S was reviewed and cleared for double celling noting no history of in-cell violence.** S participated, acknowledged understanding, and disagreed with Committee action, stating "I never did tell UCC that I would not take a cellie. I'm not refusing a cellie, but if I go into the cell there is probably going to be a problem." UCC stated there is no documentation to substantiate single cell status. S continued stating "Put your John Hancock on it and then I will do what you say." S is eligible to work around computers, computer systems, or be in areas that may have access to personal information per PC 2702, PC 502, or PC 5071. PC 2933 and 2930 complied with. S was advised of Committee's decision and his right to appeal. The inmate has been advised that any appeal of this committee action must be submitted within 15 working days of this date, whether he has received the CDC form 128-G classification chrono or not. Next scheduled Committee will be on 10/25/06 for Program Review. BPH DOC # 1 Hearing scheduled in 03/2013.

**CHAIRPERSON:** M. FOSS/RC          **J. ROBERTSON/CCII**          **S. ROBERTS/EDUCATION**          **RECORDER:** D. MELTON /CCI

☐OBIS ☐CSR ☐IGI ☐PSYCH ☐MED ☐ OTHER

Committee Date: 09/21/06          (MELTON/sw)          Classification          **FAC-B BMU UCC**          **INITIAL REVIEW**          Inst: **PBSP**

MICHAEL LYNN WATERS # P16171
A-1-203
PELICAN BAY STATE PRISON
P.O. BOX 7500
CRESCENT CITY, CALIFORNIA
95532

RECEIVED MAR 26 2008

"(LEGAL-MAIL)"



UNITED STATES POSTAGE
PITNEY BOWES
$01.31°
02 1M
0004217666
MAILED FROM ZIP CODE 95531
MAR 20 2008

TO: (HON. U.S. DISTRICT COURT
JUDGE: (CHARLES R. BREYER)
CLERK) OF:

U.S. DISTRICT COURT FOR THE
NORTHEN DISTRICT OF CALIFORNIA
U.S. DISTRICT COURTHOUSE
450 GOLDEN GATE AVE, 16TH FLOOR,
SAN FRANCISCO, CALIFORNIA
94102