1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DAVID S. CHANEY
Chief Assistant Attorney General
3 | FRANCES T. GRUNDER
Senior Assistant Attorney General
4 | THOMAS S. PATTERSON
Supervising Deputy Attorney General
5 | LILY A. KORMAN, State Bar No. 242688
Deputy Attorney General
6 |   455 Golden Gate Avenue, Suite 11000
   San Francisco, CA  94102-7004
7 |   Telephone: (415) 703-5507
   Fax:  (415) 703-5843
8 |   Email:  Lily.Korman@doj.ca.gov

9 | Attorneys for Defendants C. Wilber, F. Jacquez, R.
   Horel, J. Robertson, D. Melton, M. Cook, C. Patten,
10 | R. Bell, and R. Linfor

11

12 | IN THE UNITED STATES DISTRICT COURT

13 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

14 | SAN FRANCISCO DIVISION

15

**MICHAEL LYNN WATERS,**

16 |                                         C 07-4683 CRB (PR)

17 |                          Plaintiff,     **DEFENDANTS' NOTICE OF
                                         MOTION AND MOTION TO
                                         DISMISS; MEMORANDUM
18 |         v.                            OF POINTS AND
                                         AUTHORITIES**
**A.W. COOK, et al,**

19

20 |                          Defendants.

21 |        TO PLAINTIFF MICHAEL LYNN WATERS, IN PRO SE:

22 |        PLEASE TAKE NOTICE THAT Defendants C. Wilber, F. Jacquez, R. Horel, J. Robertson,

23 | D. Melton, M. Cook, C. Patten, R. Bell, and R. Linfor (Defendants) move the Court to dismiss

24 | this 42 U.S.C. § 1983 action under Federal Rule of Civil Procedure 12(b) for Plaintiff's failure to

25 | exhaust administrative remedies as mandated by the Prison Litigation Reform Act (PLRA), 42

26 | U.S.C. § 1997e(a) (2000).

27 |        PLEASE TAKE FURTHER NOTICE that the Court may look beyond the pleadings and

28 | decide disputed issues of fact when ruling on Defendants' non-enumerated Rule 12(b) motion.

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    *Waters v. Cook, et al.,*
                                                               C 07-4683 CRB (PR)

1    *Wyatt v. Terhune,* 315 F.3d 1108, 1119-20 (9th Cir. 2003). Plaintiff may provide evidence to the

2    Court to dispute Defendants' evidence. *Id.* & n.14.

3      This motion is based on this notice of motion, the supporting memorandum of points and

4    authorities, the declaration and exhibits filed in support, and the Court's file in this action.

5

6                 **MEMORANDUM OF POINTS AND AUTHORITIES**

7                      **INTRODUCTION**

8      Defendants move to dismiss this action because Plaintiff has not complied with the

9    provision of the Prison Litigation Reform Act (PLRA) requiring exhaustion of administrative

10   remedies before filing suit. Plaintiff failed to properly exhaust administrative remedies for the

11   claim of deliberate indifference to safety in his complaint. Between the date that Plaintiff

12   contends he was granted single-cell status and the date that he filed the complaint in this suit,

13   Plaintiff did not submit an inmate appeal to the Director's Level of Review addressing the

14   allegations of misconduct set forth in his complaint. Because exhaustion is a prerequisite to all

15   federal suits brought by a prisoner, this action should be dismissed.

16                    **STATEMENT OF THE ISSUE**

17      The Supreme Court has held that, under the PLRA, an inmate must properly exhaust all

18   available administrative remedies before filing suit. Plaintiff failed to submit an inmate appeal

19   through the Director's Level of Review concerning his allegation in this case. Are Defendants

20   entitled to dismissal of the action against them because Plaintiff failed to exhaust his

21   administrative remedies?

22                   **PROCEDURAL BACKGROUND**

23      Plaintiff, an inmate within the California Department of Corrections and Rehabilitation

24   (CDCR) at Pelican Bay State Prison (PBSP), filed a complaint on September 11, 2007 under 42

25   U.S.C. § 1983 seeking injunctive relief. (Compl. 7.) This Court found that Plaintiff stated a

26   cognizable claim of deliberate indifference to safety needs. (Order Serv. 1, Aug. 11, 2006.) The

27

28

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                        *Waters v. Cook, et al.,*
                                                                C 07-4683 CRB (PR)

1   Court then directed the United States Marshals Service to serve all named Defendants. [1] (*Id.* 3.)

2   **STATEMENT OF FACTS**

3       **A.   The California Inmate Appeals Process.**

4       The State of California provides its inmates with an administrative-appeals process, which

5   addresses "any departmental decision, action, condition or policy which they can demonstrate as

6   having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a) (2007). To

7   initiate the appeals process, an inmate need only fill out a simple form, a CDCR 602

8   Inmate/Parolee Appeal Form. *Id.* § 3084.2(a). To exhaust available administrative remedies

9   within this system, a prisoner must complete four levels of appeals:  (1) the informal level of

10  review, (2) the first formal level of review, (3) the second formal level of review by the

11  institution head or designee, and (4) the third formal level of review, the Director's Level. *See*

12  *id.*; *see also Woodford v. Ngo*, 126 S. Ct. 2378, 2383 (2006) (describing the California inmate-

13  appeals system step-by-step). Once a Director's Level decision issues, exhaustion of all available

14  administrative remedies has been completed. *See* Cal. Code Regs. tit. 15, §§ 3084.5, 3084.1(a).

15      **B.   Plaintiff's Complaint.**

16      This Court summarized Plaintiff's claims in his complaint as follows: "Plaintiff alleges that

17  he is at risk of being attacked by another prisoner due to his being a former gang member

18  because prison officials stopped honoring his single-cell status and placed him in the behavioral

19  management unit (BMU). Plaintiff claims he was recently almost "jump[ed]" by "two blood

20  gang members" in the BMU." (Order Serv. 1:19-23.)

21      Specifically, Plaintiff contends that he received a single-cell status on March 6, 2006 due to

22  his obsessive compulsive disorder issues. (Compl. 4:12-14.) According to Plaintiff, Defendants

23  did not believe Plaintiff had received a single-cell status and felt that he refused to double cell

24  with another inmate. (*Id.* 4:20-24.) Plaintiff alleges that Defendants wrongly placed him in

25  BMU for refusing to cell with another inmate. (*Id.*, 5; Compl. Ex. A.) Plaintiff also alleges that

26

27      1. The California Attorney General's Office represents all defendants except Kunz. To the
    best of the Office's knowledge, the summons issued to Kunz was returned unexecuted to the United
28  States Marshals Service.

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    *Waters v. Cook, et al.,*
                                                                 C 07-4683 CRB (PR)

3

1  Defendants' refusal to single-cell Plaintiff exposes him to harm since he provided confidential

2  information about witnessing two blood gang members who were going to jump Plaintiff and

3  another inmate. (Compl. 5.)

4      **C.    Plaintiff's Administrative Grievances.**

5      Plaintiff has not exhausted an administrative grievance concerning the circumstances

6  described in his complaint, specifically, the alleged risk of attack by other inmates due to his

7  status as a former gang member because Defendants failed to honor Plaintiff's single-cell status

8  and placed him in the BMU. (Compl. 4-5; Order Serv. 1:17-22.) The Director's Level of

9  Review received six administrative grievances from Plaintiff after March 6, 2006, the date that

10  Plaintiff alleges that an Institution Classification Committee granted his single-cell status.

11  (Grannis Decl. Supp. Mot. Dismiss (Grannis Decl.) ¶¶ 4, 5 & Ex. A; Compl. 4:14-16.) The

12  events at issue in Plaintiff's complaint would have taken place after March 6, 2006 because

13  Defendants' alleged misconduct includes the subsequent denial of Plaintiff's single-cell status.

14  (Compl. 4.)

15      The only administrative grievance that was exhausted after March 6, 2006 and before filing

16  this action on September 11, 2007 involved a medical issue. (Grannis Decl. ¶¶¶ 5, 6, 7 & Ex. B.)

17  Inmate appeal number 07-00872 was received at the Director's Level on May 31, 2007. (Grannis

18  Decl.¶ 6; Grannis Decl. Ex. B.) In it, Plaintiff requested that he receive a magnetic resonance

19  imaging (MRI) because of an alleged brain injury and subsequent coma that he suffered at age

20  eight or nine. (*Id.*) But appeal number 07-00872 did not include allegations concerning

21  deliberate indifference to safety. (*Id.*) Nor did this appeal describe Defendants' failure to

22  recognize Plaintiff's single-cell status. (*Id.*) Plaintiff's other five appeals received at the

23  Director's Level were screened out for failure to complete the second level of review. (Grannis

24  Decl. ¶ 7.)

25      Plaintiff does reference an administrative grievance in his complaint, inmate appeal number

26  06-00110. (Compl. 3:1-4; Compl. Ex. K.) In it, Plaintiff requested single-cell status and that this

27  status be based on his mental health issues. (Compl. Ex. K.) This appeal was submitted on

28  November 6, 2005, and was granted at the second level of review. (*Id.*)

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.              *Waters v. Cook, et al.,*
C 07-4683 CRB (PR)

4

1

## ARGUMENT

2    **THIS ACTION MUST BE DISMISSED BECAUSE PLAINTIFF
FAILED TO TIMELY EXHAUST HIS ADMINISTRATIVE
3    REMEDIES.**

4    **A.   Under the Prison Litigation Reform Act, Exhaustion is Mandatory.**

5         Plaintiff's claims against Defendants must be dismissed because he failed to exhaust

6    administrative remedies as required by 42 U.S.C. § 1997e(a).  In the Prison Litigation Reform

7    Act, Congress amended 42 U.S.C. § 1997e(a) and imposed a mandatory exhaustion requirement

8    on suits brought by inmates.  *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).  The amended 42

9    U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions

10   under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail,

11   prison or other correctional facility until such administrative remedies as are available are

12   exhausted."  *See* 42 U.S.C. § 1997e(a).

13        Proper exhaustion of a prisoner's administrative remedies is necessary.  *Woodford v. Ngo*,

14   126 S. Ct. 2378, 2382 (2006).  The exhaustion requirement is a prerequisite to all federal suits

15   "[e]ven when the prisoner seeks relief not available in grievance proceedings, notably money

16   damages."  *Porter*, 534 U.S. at 524; *see also Booth v. Churner*, 532 U.S. 731, 738 (2001).  It

17   applies to "all suits about prison life, whether they involve general circumstances or particular

18   episodes, and whether they allege excessive force or some other wrong."  *Porter*, 524 U.S. at

19   532.  Inmates exhaust their "available" administrative remedies before filing civil rights actions

20   in federal courts.  42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *McKinney v.*

21   *Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Therefore, a prisoner must pursue the prison

22   administrative grievance process before filing a complaint in federal court.  *Vaden v. Summerhill*,

23   449 F.3d 1047, 1050-1051 (9th Cir. 2006.)

24        The purposes of the exhaustion requirement are to "afford corrections officials time and

25   opportunity to address complaints internally before allowing the initiation of a federal case," to

26   "filter out some frivolous claims," and to possibly "satisfy the inmate, thereby obviating the need

27   for litigation."  *Porter*, 534 U.S. at 525; *see also Booth*, 532 U.S. at 737 (stating that "requiring

28   [administrative] exhaustion . . . would satisfy some inmates who start out asking for nothing but

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                                    *Waters v. Cook, et al.*,
                                                                C 07-4683 CRB (PR)

5

1  money, since the very fact of being heard and prompting administrative change can mollify

2  passions"). Finally, for suits that do end up in federal court, exhaustion tends to improve their

3  quality by creating an administrative record that is helpful to the court in determining the

4  contours of the controversy. *Woodford*, 126 S. Ct. at 2387; *see also Booth*, 534 U.S. at 525.

5          The Ninth Circuit recognizes a defendant's right to raise the issue of exhaustion of

6  administrative remedies in a "nonenumerated" Rule 12(b) motion to dismiss. *Wyatt v. Terhune*,

7  315 F.3d 1108, 1119–20 (9th Cir. 2003); *Ritza v. Int'l Longshoremen's & Warehousemen's*

8  *Union*, 837 F.2d 365, 368–69 (9th Cir. 1988). A defendant can support the motion with evidence

9  and affidavits extrinsic to the complaint because, "[i]n deciding a motion to dismiss for a failure

10  to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed

11  issues of fact." *Wyatt*, 315 F.3d at 1119–20. The proper remedy for failure to exhaust

12  administrative remedies is dismissal without prejudice. *Id.* at 1120; *McKinney v. Carey*, 311

13  F.3d 1198, 1199–1201 (9th Cir. 2002).

14

**B.    Plaintiff Exhausted No Administrative Grievance Concerning Deliberate**
15          **Indifference to His Safety.**

16          Plaintiff alleges that he was single-celled in March 2006 and that thereafter Defendants

17  refused to recognize his single-cell status, but Plaintiff has not exhausted any administrative

18  grievance concerning deliberate indifference to safety as a result of Defendants' failure to

19  recognize his single-cell status. (Compl. 4; Grannis Decl. Ex. A.) In order to have satisfied the

20  exhaustion requirement in connection with his deliberate indifference to safety claim, Plaintiff

21  must have (1) submitted an appeal alleging deliberate indifference to safety on or after May 6,

22  2006, the date he claims the prison granted his single-cell status; and (2) exhausted the appeal

23  through the final Director's Level of review before September 11, 2007 (the date Plaintiff filed

24  suit in this Court). A review of the record shows that Plaintiff did not exhaust any deliberate

25  indifference claim before he filed suit. (Grannis Decl. Ex. A.)

26          Plaintiff avoided the PLRA's exhaustion requirement in its entirety by failing to file and

27  pursue an inmate appeal regarding the allegations in this suit through the Director's Level of

28  review. *See* Cal.Code Regs. tit. 15 § 3084.2(a). During the time period at issue, Plaintiff

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                                              *Waters v. Cook, et al.*,
                                                                                                  C 07-4683 CRB (PR)

1 | submitted six appeals at PBSP which were accepted at the Director's Level. (Grannis Decl. ¶ 5.)

2 | Plaintiff exhausted one appeal related to a medical issue. (*Id.*) This administrative grievance,

3 | inmate appeal number 07-00872 requested an MRI. (Grannis Decl. Ex. B.) Inmate appeal

4 | number 07-00872 did not address Defendants' failure to recognize Plaintiff's single-cell status.

5 | (*Id.*) The other five inmate appeals received at the Director's Level were screened out because

6 | Plaintiff failed to complete the second level of review. (*Id.*)

7 |     Plaintiff attached inmate appeal number 06-00110 to his complaint. (Compl. Ex. K.) This

8 | appeal is a request for single-cell status and does not grieve any facts related to the deliberate

9 | indifference claims in this suit. (Compl. Ex. K.) In fact, Plaintiff submitted this appeal on

10 | November 6, 2006, five months prior to the prison's alleged grant of single-cell status. (*Id.*)

11 |     The other five appeals submitted at the Director's Level of Review between March 6, 2006

12 | and September 11, 2006 were screened out for failure to complete the second level of review.

13 | (Grannis Decl. ¶ 7.)

14 |     Plaintiff must properly exhaust an administrative grievance concerning his allegation of

15 | deliberate indifference to safety before he can raise this claim against Defendants. *See* 42 U.S.C.

16 | § 1997e(a); *Woodford,* 126 S. Ct at 2382.

17 | ///
18 | ///
19 | ///
20 | ///
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.    *Waters v. Cook, et al.,* C 07-4683 CRB (PR)

7

1

## CONCLUSION

2    Plaintiff has not satisfied the PLRA's exhaustion requirement in connection with the

3 allegations set forth in his complaint in this suit.  Between March 6, 2006 and September 11,

4 2007, Plaintiff failed to submit and pursue an inmate appeal alleging deliberate indifference to

5 safety through the Director's Level.  Because Plaintiff is not in compliance with the PLRA, this

6 action should be dismissed.

7

8        Dated:  May 9, 2008

9                        Respectfully submitted,

10                       EDMUND G. BROWN JR.
                         Attorney General of the State of California

11                       DAVID S. CHANEY
                         Chief Assistant Attorney General
12
                         FRANCES T. GRUNDER
13                       Senior Assistant Attorney General

14                       THOMAS S. PATTERSON
                         Supervising Deputy Attorney General

15

16

17

18                       LILY A. KORMAN
                         Deputy Attorney General
19                       Attorneys for Defendants C. Wilber, F. Jacquez, R. Horel, J.
                         Robertson, D. Melton, M. Cook, C. Patten, R. Bell, and R. Linfor

20
     40242099.wpd
21   SF2008400642

22

23

24

25

26

27

28

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.

*Waters v. Cook, et al.,*
C 07-4683 CRB (PR)