EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
THOMAS S. PATTERSON
Supervising Deputy Attorney General
LILY A. KORMAN, State Bar No. 242688
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5507
 Fax: (415) 703-5843
 Email: Lily.Korman@doj.ca.gov

Attorneys for Defendants C. Wilber, F. Jacquez, R. Horel, J. Robertson, D. Melton, M. Cook, C. Patten, R. Bell, and R. Linfor

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL LYNN WATERS,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>A.W. COOK, et al,<br><br>　　　　　　　　Defendants. | C 07-4683 CRB (PR)<br><br>**DECLARATION OF N. GRANNIS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Judge:　The Honorable<br>　　　　　Charles R. Breyer |

I, N. Grannis, declare as follows:

1. I am employed by the California Department of Corrections and Rehabilitation as Chief of the Inmate Appeals Branch. As part of my duties, I serve as the authorized custodian of records of the Inmate Appeals Branch. I am competent to testify to the matters set forth in this declaration, and if called upon to do so, I would and could so testify. I submit this declaration in support of Defendants' Motion to Dismiss.

2. The Inmate Appeals Branch keeps an electronic record of each inmate appeal that has proceeded through the final level of review, the Director's Level. When an appeal is received by

Decl. N. Grannis Supp. Defs.' Mot. Dismiss　　　　　　　　　　　　　　　　　　　　Waters v. Cook, et al.,
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　C 07-4683 CRB (PR)

1

1  the Inmate Appeals Branch and is accepted for review, it is given a Director's Level log number and entered into the computer system. The computer system was commenced in 1993. The following information is kept in the electronic record: appeal log number, the category (nature/subject) of the appeal, institutional log numbers, inmate's name and CDCR number, the institution where the appeal arose, the date that the appeal is received and closed, and the final disposition of the appeal.

3. The inmate-appeal records are made at or near the time that the inmate grievances are investigated and decided, and they are made by a person with knowledge of the matters addressed, or according to information provided by a person with knowledge of those matters. These appeal records are made and kept in the course of regularly conducted activity, as a regular practice.

4. A search of the computerized system has been conducted for inmate Michael Lynn Waters, CDCR No. P-16171. A true and correct copy of the Director's Level appeals print-out for Michael Lynn Waters is attached as Exhibit A.

5. The record indicates that the Director's Level of Review received six appeals from inmate Waters after March 6, 2006, and September 11, 2007. One of these appeals was accepted for Director's Level review. This appeal originated from Pelican Bay State Prison, and has the following institutional log number: 07-00872.

6. Inmate appeal number 07-00872 was received at the Director's Level on May 31, 2007, and is related to Waters's request for an MRI due to an alleged brain injury and subsequent coma that Waters suffered at age eight or nine. This inmate appeal was denied on August 27, 2007. A true and correct copy of appeal number 07-00872 and related documents are attached as Exhibit B.

///
///
///
///
///

Decl. N. Grannis Supp. Defs.' Mot. Dismiss

*Waters v. Cook, et al.,*
C 07-4683 CRB (PR)

1      7.    Five of the appeals received at the Director's Level of Review between March 6, 2006 and September 11, 2007 were screened out. These five appeals were screened out because they had not been completed through the second level of review.

    I declare under penalty of perjury that the foregoing is true and correct. Executed at Sacramento, California.

    Executed on __April 29__, 2008, at Sacramento, California.

                                       /s/ N. GRANNIS
                                       N. GRANNIS
                                       Chief, Inmate Appeals Branch

40242306.wpd
SF2008400642

Decl. N. Grannis Supp. Defs.' Mot. Dismiss                                                                  *Waters v. Cook, et al.,*
                                                                                                  C 07-4683 CRB (PR)

3

# EXHIBIT A

Inmate Appeals Branch

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION
Inmate / Parolee Appeals Tracking System - Level III

03/13/2008

Appellant Appeal History

CDCR Number: P16171

Sorted By: CDCR Number

| CDCR Number | Appellant Name | Location | Arrival Date | Alerts (Type, Start, End) | Special Needs |
|---|---|---|---|---|---|
| P16171 | WATERS, MICHAEL | PBSP | 01/05/2005 | | |

**Accepted Appeals**

| IAB Number | Issue | Issue Subcategory | Accepted Date | Inst. Log Number | Due Date | Closed Date | Disposition |
|---|---|---|---|---|---|---|---|
| 0403517 | DISCIPLINARY | Prior to subcategory | 09/27/2004 | CMF-04-01096 | 12/24/2004 | 12/23/2004 | DENIED |
| 0504490 | MEDICAL | Prior to subcategory | 10/24/2005 | PBSP-05-01729 | 01/24/2006 | 01/26/2006 | DENIED |
| 0615818 | MEDICAL | Prior to subcategory | 05/31/2007 | PBSP-07-00872 | 08/24/2007 | 08/27/2007 | DENIED |

**Screen Outs**

| IAB Number | Issue | Issue Subcategory | Received Date | Inst. Log Number | Screened Out | Response Due | Reason |
|---|---|---|---|---|---|---|---|
| 0403517 | DISCIPLINARY | Prior to subcategory | 08/04/2004 | CMF-04-01096 | 08/04/2004 | | MISSING DOCUMENTATION |
| 5025227 | OTHER | Prior to subcategory | 07/26/2006 | | 07/26/2006 | | MUST BE COMPLETED THROUGH 2ND LEVEL |
| 5029591 | CUSTODY/CLASS | Prior to subcategory | 10/30/2006 | PBSP-06-00110 | 10/30/2006 | | MUST BE COMPLETED THROUGH 2ND LEVEL |
| 5030056 | LIVING CONDITIONS | Prior to subcategory | 11/06/2006 | | 11/06/2006 | | MUST BE COMPLETED THROUGH 2ND LEVEL |
| 5035065 | PROPERTY | Prior to subcategory | 05/31/2007 | | 05/31/2007 | | MUST BE COMPLETED THROUGH 2ND LEVEL |
| 5038083 | OTHER | Prior to subcategory | 05/11/2007 | | 05/11/2007 | | MUST BE COMPLETED THROUGH 2ND LEVEL |
| 5102903 | OTHER | Prior to subcategory | 11/12/2004 | | 11/12/2004 | | MUST BE COMPLETED THROUGH 2ND LEVEL |

# EXHIBIT B

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: AUG 2 7 2007

In re: Waters, P-16171
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 0615818          Local Log No.: PBSP 07-00872

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. Stocker, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I  APPELLANT'S ARGUMENT: It is the appellant's position that his mental health clinician refused to accept that a 30-year-old head injury could cause him to see "burning things." He objects to being disciplined for having mental health issues and he provides with his CDC Form 602, Inmate/Parolee Appeal Form a copy of a CDC Form 115, Rules Violation Report (RVR) for Possession of an Inmate-Manufactured Weapon, dated April 19, 2004, Log #03-H-0404-045. The RVR included the appellant's surrender of a weapon and statement, "I just feel like I want to hurt somebody." He requests to have a magnetic resonance imaging (MRI) of his head and to receive a monetary award from Dr. Jain.

II  SECOND LEVEL'S DECISION: The reviewer found that Dr. Jain informed the appellant on March 5, 2007, that a brain MRI is not medically indicated. The appellant is being treated for his mental health and physical medical needs. The appellant is not being punished for "what he saw." The appellant is encouraged to take the medication that is prescribed for his physical and mental health issues.

III  DIRECTOR'S LEVEL DECISION: Appeal is denied.

   A.  FINDINGS: The RVR that the appellant submits with his appeal indicates a serious possession of a weapon that was adjudicated in a due process hearing in 2004. There is no apparent substantiation to the appellant's claim of punishment for the visions that he sees. It is apparent that the appellant has been examined by licensed mental health clinicians for the complaints that he describes. He has been treated in accordance with the professional judgments of the clinicians. There is no avenue in the inmate appeals process to award monetary compensation.

   B.  BASIS FOR THE DECISION:
California Code of Regulations, Title 15, Section: 3350, 3350.1, 3354, 3360, 3361

   C.  ORDER: No changes or modifications are required by the institution.

WATERS, P-16171
CASE NO. 0615818
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR. If dissatisfied, the appellant may forward this issue to the California Victims Compensation and Government Claims Board, (formerly known as the State Board of Control), Government Claims Unit, P.O. Box 3035, Sacramento, CA 95812-3035, for further review.

N. GRANNIS, Chief
Inmate Appeals Branch

cc: Warden, PBSP
　　 Health Care Manager, PBSP
　　 Appeals Coordinator, PBSP
　　 Medical Appeals Analyst, PBSP

(EQUAL PROTECTION)(MENTAL HEALTH)

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region: PBSP
Log No.: TA-18-260-2-08443 / PBSP-A-07-00872
Category: 8/10 — units MRI Testing

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: MICHAEL WATERS   NUMBER: P-16171   ASSIGNMENT: NONE   UNIT/ROOM NUMBER: A-1-205

A. Describe Problem: ON (3-19-07) I WAS TAKEN OUT OF MY (CELL) TO SEE YOU (MS. DHANWA JAIN); HOWEVER, THE ESCORTING (OFFICERS) STARTED TRYING ME TO (HURRY) UP, WHEN I STATED THAT I'M NOT THE (DOCTOR) AND SPEAK WITH YOU (MS. JAIN). AS IF NOTHING WAS WRONG WITH (ME) (DR. JAIN) WAS TRYING TO STATE THAT (MY (3-MONTH) COMMA AS A KID WAS OVER (30) YEARS AGO) THAT IT'S NOT (EFFECTING) MY (HEALTH) I THEN WAS TRYING TO EXPLAIN THAT (THE OLDER) I GET, THE WORST OFF I AM (IN WHICH I HAVE JUST LEARNED HOW (A HEAD) INJURY (WOULD) CAUSE (ME) TO SEE (THINGS)). (ATTACHED-PAGE)

If you need more space, attach one additional sheet.

B. Action Requested: DUE TO MY (SAFETY) AND CONCERN FOR MY (MENTAL HEALTH) TREATMENT (IF MY FAMILY HAS TO (PAY) FOR AN (MRI) OR, IF I/WHEN I DO BE TESTED. ANY ISSUES FOUND TO (EFFECT) MY (MENTAL-HEALTH) (MS. JAIN) MUST PAY THE (SUM OF $500,000) FOR SAFETY ($25.00) A DAY FOR (TREATMENT)(OTHER COST)

Inmate/Parolee Signature: Michael Lynn Waters   Date Submitted: 3/19/07

C. INFORMAL LEVEL (Date Received: 3/20/07)
Staff Response: Denied. Dr. Jain advised you during your visit that she needed to get your chart and review it before making a decision regarding your request for MRI. She will review chart next week.

Staff Signature: A. Flowers   Date Returned to Inmate: 3/20/07

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

MS. (FLOWERS) CAN'T ANSWER THIS (602) FOR (DR. JAIN) HOWEVER, THIS IS A (MENTAL-HEALTH) ISSUE IN WHICH I'M GOING TO SPEAK WITH (DR. YANGSTER) AS STATED BY (DR. RAO) IN ORDER TO HELP MYSELF TO UNDERSTAND (WHY) I KEEP SEEING THESE THINGS (SEE (ESTELLE V. GAMBLE) MY CASE IS CLEAR)

Signature: Michael Lynn Waters   Date Submitted: 3/26/07

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

1st level — MAR 21 2007
2nd — APR 23 2007

First Level  ☐ Granted  ☒ P. Granted  ☐ Denied  ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 3-21-07  Due Date: 5-2-07

Interviewed by: B Jain, M.D. on 4/5/07. MRI of brain is not indicated as there is no mention of any medical problem in your medical records and you are not having any symptom. You should discuss this with a psychiatrist. You have a pending appt. with the psychiatrist currently. You should return to the clinic as needed.

Staff Signature: C. Goroope  Title: SSA  Date Completed: 4/17/07
Division Head Approved/Signature: MC ___  Title: CMO  Returned Date to Inmate: APR 1 8 2007

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

THE ATTACHED (EXHIBITS-A-B) CLEARLY SHOW THAT I WAS PUNISH BECAUSE OF WHAT I SAW AND, I'M STILL SEEING THESE BURNING THING WHAT'S GOING TO HAPPEN IF I SEE THESE THINGS AN GET HURT TRYING TO RUN FROM THEM?. (I HAVE A RIGHT TO KNOW) (SEE-ACTION-REQUESTED)

Signature: Michael Lynn Waters  Date Submitted: 4/22/07

Second Level  ☐ Granted  ☐ P. Granted  ☒ Denied  ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 4-25-07  Due Date: 5-23-07
☒ See Attached Letter

Signature: ___ CCII  Date Completed: 5-8-07
Warden/Superintendent Signature: ___  Date Returned to Inmate: MAY 1 0

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

(1) WHEN I SEEN DR. JAIN-BEFORE FILING THIS (602) I SHOULD SEE THE PSYCHIATRIST, NOT HER. MS. MCLEAN IS BIAS AGAINST ME BECAUSE OF MY COMPLAINT IN A CIVIL-ACTION AGAINST HER. (2) THE ATTACHED DOCUMENT DOES SUBSTANTIATE MY CLAIM THAT I'VE BEEN PUNISHED FOR WHAT I'M SEEING. SO THEREFORE, I HAVE SENT AFFIDAVIT TO MOM + GRAND MAM, STATING THAT THEY SPOKE + TOLD DR. WATERS (2006)

Signature: Michael Lynn Waters  Date Submitted: 5/11/07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____
☐ See Attached Letter
Date: _____

CDC 602 (12/87)

SECOND LEVEL APPEAL RESPONSE

RE:   PELICAN BAY STATE PRISON
      Appeal Log: PBSP-1A-18-2007-00443
      Inmate: WATERS, P-16171

Maureen McLean, FNP, Health Care Manager at Pelican Bay State Prison (PBSP) reviewed this matter. Joseph Kravitz, Correctional Counselor II, conducted the Appeal at the Second Level of Review on May 8, 2007.

APPEAL ISSUE: You filed a CDC 602 on March 19, 2007, requesting an MRI due to a brain injury and subsequent coma you suffered at age eight or nine. You state the older you get the worse off you are becoming and that your head injury causes you to see things. On March 20, 2007, RN A. Flowers denied your informal level appeal stating that Dr. Jain advised you that she needed to review your medical history before making a decision regarding your request for an MRI. You state on March 20, 2007, at the formal level, that Ms. Flowers can't answer this 602 for Dr. Jain and that this is a mental health issue for which you are going to speak with Dr. Van Osdel. On March 5, 2007, Dr. Jain saw you and indicated that an MRI of the brain is not medically indicated, as there is no mention of any medical problem in your records and also that you are not experiencing any symptoms. She suggested you discuss your issues with a psychiatrist and stated that you had an upcoming appointment with the psychiatrist. She suggested you return to the clinic as needed for your medical needs.

FINDINGS: A review of your appeal, including staff's efforts to resolve the appeal at the informal level and at the first formal level, together with your responses, has been completed. All submitted documentation and supporting arguments of the appellant have been considered.

I, M. McLean, FNP, Health Care Manager, was assigned to investigate your allegations. J. Kravitz, CCII, reviewed your appeal and responses on May 8, 2007. You requested a Second Level Review on April 22, 2007, stating that the exhibits attached to your appeal clearly show that you were punished because of what you saw and that you are still seeing burning things and you want to know what will happen if you see these things and you get hurt trying to run from them. You are currently being treated for your mental health issues in addition to being followed by the medical department for your physical issues. You have presented no information to substantiate your claim that you are being punished "because of what you saw". Your primary care provider is of the opinion that an MRI is not indicated based on your physical symptoms or lack there of. Your mental health case manager is following you regularly and you are encouraged to discuss your issues with him. Your psychiatrist is treating you for your obsessive-compulsive disorder as well as your psychosis. You are encouraged to take your medication as prescribed for both your physical and mental health issues. Your request for an MRI is denied based on the lack of medical need. This concludes the review of this appeal at the second level.

DECISION: The Appeal is Denied.

The appellant is advised that this issue may be submitted for a Director's Level of Review, if desired.

_____   5-8-07         _____   5/5/07
JOSEPH KRAVITZ              Date           MAUREEN MCLEAN, FNP         Date
Correctional Counselor II                  Health Care Manager

I HAVE EXPLAINED TO (DR. RAN) WHAT I KEEP SEEING, (DR. JAIN) FEELS THAT THIS IS A JOKE, I'M ASKING FOR HELP TO BETTER MYSELF.

ALTHOUGH MOST CHALLENGES TO PRISON MEDICAL TREATMENT FOR PHYSICAL ILLS, WE PERCEIVE NO REASON WHY (PSYCHOLOGICAL OR PSYCHIATRIC CARE SHOULD NOT BE HELD TO THE SAME STANDARD, THE LEADING CASE IN THIS RESPECT IS: (BOWRING V. GODWIN, SUPRA,) THERE, IN HOLDING THAT A CONVICTED PRISONER IS ENTITLED TO "PSYCHOLOGICAL OR PSYCHIATRIC CARE FOR SERIOUS MENTAL OR EMOTIONAL ILLNESS, THE COURT NOTED THAT IT SAW "NO" UNDERLYING DISTINCTION BETWEEN THE RIGHT TO MEDICAL CARE FOR PHYSICAL ILLS AND IT'S PSYCHOLOGICAL OR PSYCHIATRIC COUNTERPART." (BOWRING V. GODWIN, SUPRA, 551 F.2d AT 47.) (SEE-LAAMAN V. HELGEMOE, 437 F.SUPP. 269 (D.N.H. 1977)(FURTHER,

THE "DELIBERATE INDIFFERENCE" STANDARD OF (ESTELLE V. GAMBLE,) IS APPLICABLE IN EVALUATING THE CONSTITUTIONAL ADEQUACY OF PSYCHOLOGICAL OR PSYCHIATRIC CARE PROVIDED AT A JAIL OR PRISON. THE KEY FACTOR IN DETERMINING WHETHER A SYSTEM FOR PSYCHOLOGICAL OR PSYCHIATRIC CARE IN A JAIL OR PRISON IS CONSTITUTIONALLY ADEQUATE IS WHETHER INMATES WITH SERIOUS MENTAL OR EMOTIONAL ILLNESS OR DISTURBANCES ARE PROVIDED REASONABLE ACCESS TO MEDICAL PERSONNEL QUALIFIED TO DIAGNOSE AND TREAT SUCH ILLNESSES OR DISTURBANCES,) WHEN INMATES WITH SERIOUS MENTAL ILLNESSES ARE EFFECTIVELY PREVENTED FROM BEING DIAGNOSED AND TREATED BY QUALIFIED PROFESSIONALS, THE SYSTEM OF CARE DOES NOT MEET THE CONSTITUTIONAL REQUIREMENT SET FORTH BY (ESTELLE V. GODWIN, SUPRA,) AND THUS VIOLATES THE DUE PROCESS CLAUSE.)))

DECLARATION OF SERVICE BY MAIL

LACK V HOUSTON 487 U.S. 266/CCP 1013 (a)

I, MICHAEL LYNN WATERS, declare:

I am over the age of 18 years old and a party to this action. On 3/19/07, I deposited a copy of the following:

SAFETY-MENTAL HEALTH ISSUES AND CONCERN"

in a sealed envelope with postage prepaid, into the United States mail outlet via an authorized California Department of Correction employee at PBSP P.O. BOX 7500, in CRESCENT CITY, CALIFORNIA 95532, and addressed as follows:

TO: DR. DHAWNA JAIN
A-2 MEDICAL
PELICAN BAY STATE PRISON
P.O. BOX 7500
CRESCENT CITY, CALIFORNIA
95532

I declare under the penalty of perjury that the foregoing is true and correct.

Date: 3/19/07

Michael Lynn Waters
Declarant

REPORT AT DOCTOR  BEHIND THESE THINGS I SEE
IN 4/19/04!

4/19/04  2040 - 98.6 -  107/64 -  94 -  R-20-
Suicidal + wants to kill somebody.
                                                        [signature]

                    B-3 Clinic
5-2-04  refused to honor ducat per C/O Hoffer
07/16/04 = Refused to come for him ducat CO notified
this writer                              [signature]

7/29/04  Officer Vasquez states I/P Waters refused
his ducat appt. Dr. Sankhla aware — [signature]

2/8/04  0817  Wt 139  T 97⁸  P 94  R 20.  B.P. 112/81

S & complaints. Pt. ducated because of a sick call
he put in attached with a memo answering his 602.
Claims his PCP (Dr. Mehta) told him he was allergic to
peanuts (whereas on contrary he complained to PCP
about that - see chart note dated 1/15/04) Then he
questioned why he is not getting a diabetic diet as he
was getting in SQ. I explained to him about the
machine diet, special diet in G-1/A2/Hospice only & that
if he has been instructed by dietician about diet. He
said he has seen the dietician + received diet
instructions.                               (cont)

ROOM NO  4307

Waters, Michael
P16171

PHYSICIAN'S PROGRESS NOTES

(39)

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

JUN 0 7 2004

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| P-16171 | WATERS, M. | 03/25/16 | CMF | H-308-U | 03H004965 |

| VIOLATED RULE NO(S) | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3006 Contraband | Possess Inmate Manufactured Weapon | MK Office | 04-19-04 | 2015 Hrs. |

CIRCUMSTANCES

On 04-19-04, at approximately 2015 hours, I was approached by Inmate WATERS, M., (P-16171, housed H-308-U), while in my office in the Food Service Department's Main Kitchen. WATERS is assigned to position MKWF1.137 in the Main Kitchen. WATERS stated with urgency in his voice, that he needed to see the Psychiatrist. I asked WATERS if he was having problems with anyone in the kitchen. WATERS stated, "No, I just feel like I want to hurt somebody." WATERS then reached into his back pocket and presented what appeared to be a red and clear sharpened object, which had been sharpened to a point at the end. He placed the object on the table and stated, "You better take this." I picked up the object and placed it in my pocket. WATERS then stated, "This is between you and me, and not for inmates to know." I called WATERS' Housing Unit Officer and informed him that I was escorting WATERS to B-1 Clinic for psychiatric evaluation, who was concerned on how he could outcount WATERS for the Close "B" Count. I escorted WATERS to B-1 Clinic and informed Correctional Officer Hightman of the situation. Inmate WATERS was placed in mechanical restraints. C/O Hightman instructed me to talk to the Watch Commander regarding the aforementioned incident, and to process the object into evidence. I released the evidence to Officer Langdon for processing.

Inmate WATERS is a MHSDS participant at the CCCMS level of care.

REPORTING EMPLOYEE: B. BRANNER, SCC    DATE: 4-21-04    ASSIGNMENT: MAIN KITCHEN    RDO'S: 3/W

REVIEWING SUPERVISOR'S SIGNATURE    DATE: 4/21/04

CLASSIFIED: ☒ SERIOUS    OFFENSE DIVISION: A-1(B)    DATE: 4-25-04    CLASSIFIED BY: D.S. JONES    HEARING REFERRED TO: ☒ SHO

COPIES GIVEN INMATE BEFORE HEARING

INCIDENT REPORT LOG NUMBER: CMF-M03-

HEARING

On 5/07/04, at 1805 hours, Inmate WATERS, M. (P-16171) appeared before the Senior Hearing Officer (SHO) and stated his health was GOOD. Subject acknowledged receipt of:

CDC-115/115-A (Disciplinary Report), on 04-27-04
CDC-115-C (Supplemental Report), written by Cook Branner, Officer D. Hightman, Officer T. Langdon, and Sergeant Benton on 04-27-04.
CDC-837 (Incident Package), on 04-27-04.
(2) Copied Photographs of weapon, on 04-27-04
CDC-1104 (Miranda Rights Form), on 04-27-04

ENTERED INTO OBIS

twenty-four (24) hours prior to this hearing. Subject had adequate time for preparation and stated he was ready to proceed with this hearing. This incident was referred to the Solano County District Attorney's Office for possible felony prosecution. On 04-27-04, Subject elected not to postpone the hearing pending outcome of the DA Referral. Subject is a Mental Health Program Participant at the CCCMS level of care. Subject's behavior resulting in the infraction was deemed bizarre, unusual or uncharacteristic therefore, completion of a CDC-115X was necessary. The evaluating clinician, M. Frank, LCSW, conducted a non-confidential interview on 04-22-04, with the Subject. The completed Mental Health Evaluation indicates Subject's behavior resulting in the RVR DOES NOT appear to have been influenced by mental illness. A Staff Assistant was not assigned as in accordance with DR-3315 (d)(2). Subject waived an Investigative Employee on 04-27-04. Subject requested NO witnesses be present at the hearing.

REFERRED TO: ☐ CLASSIFICATION  ☐ BPT/NAEA

ACTION BY: R. L. DAVIS, CORRECTIONAL LIEUTENANT    DATE: 5/8/04    TIME: 1805

REVIEWED BY: J. LIZARRAGA, Facility Captain    DATE: 6/1/04
CHIEF DISCIPLINARY OFFICER'S SIGNATURE: O. Y. CRAWFORD, Associate Warden    DATE: 6/2/04

☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING    BY (STAFF'S SIGNATURE)

CDC 115 (7/88)

| STATE OF CALIFORNIA | | | | DEPARTMENT OF CORRECTIONS |
|---|---|---|---|---|
| RULES VIOLATION REPORT - PART C | | | | PAGE __ OF 1 |
| CDC NUMBER: P-16171 | INMATES NAME: WATERS, M. | LOG NUMBER: 03-H-0404-045 | INSTITUTION: CMF | TODAY'S DATE: 5/07/04 |

☐ SUPPLEMENTAL  ☐ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES X  ☐ HEARING  ☐ IE REPORT  ☐ OTHER ____

**PLEA:** Subject entered a plea of GUILTY with an explanation and stated, "I needed to get away from CMF. Since I left EOP, I have been getting in trouble."

**FINDINGS:** The clinician M. Frank, LCSW expressed that the SHO SHOULD NOT consider the Subject's mental health in assessing a penalty if he is found guilty. Subject is found GUILTY of a Division "A-1" Offense, violation of CCR, Title 15, Section # 3006 Contraband, for the specific act of Possess Inmate Manufactured Weapon. These findings are based on the Evidence/Documentation submitted at the hearing. This evidence included:

(1) The contents of the written report, which states in part... "WATERS stated with urgency in his voice that he needed to see the Psychiatrist... WATERS stated, 'I just feel like I want to hurt somebody.' WATERS then reached in his back pocket and presented what appeared to be a red and clear sharpened object, which had been sharpened at one end." WATERS placed the object on the table and stated, 'You better take this.'"

(2) Subject's plea and plea statement, "I needed to get away from CMF. Since I left EOP, I have been getting in trouble."

**DISPOSITION:** The SHO took into consideration the Subject's Mental Health Assessment, which indicated his Mental Health DOES NOT appear to have been a contributing factor in the alleged misbehavior. Subject was warned and counseled in regard to his future behavioral expectations and assessed the following penalty(s): Three Hundred Sixty (360) days of Behavioral Credit Forfeiture pursuant to a Division "A-1" Offense. Subject is referred to ICC for program review and SHU housing consideration and assessment. Procedural requirements/due process rights were complied with. Subject was advised of these findings, disposition, and penalty assessments. Subject was informed that a Division 'A-1' Offense is NOT eligible for Credit Restoration. Inmate WATERS was also advised the Chief Disciplinary Officer's audit constitutes his First Level of Appeal. The SHO advised Subject that he would receive a complete copy of this CDC-115, upon final audit by the Chief Disciplinary Officer. Subject was advised of his right to appeal and the appeal procedure.

**ADDITIONAL COMMENTS:** The CDC-115-X completed by M. Frank, LCSW dated 04-22-04, stated Inmate WATERS' mental health factors did not contribute to his rules violation, and the SHO should not consider his mental health factors when assessing a penalty.

| ☒ COPY OF CDC 115-C GIVEN TO INMATE | SIGNATURE OF WRITER: [signature] | DATE SIGNED: 5/31/04 | | |
|---|---|---|---|---|
| | GIVEN BY (Staff's Signature): [signature] | DATE SIGNED: 03-__-04 | TIME SIGNED: 1500 | |

CDC 115-C (5/95)