IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL LYNN WATERS,<br><br>                          Plaintiff,<br><br>v.<br><br>A.W. COOK, et al,<br><br>                         Defendants. | C 07-4683 CRB (PR)<br><br>[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

    This is a civil-rights suit filed under 42 U.S.C. § 1983 by a state prisoner, Plaintiff Michael Lynn Waters. Plaintiff alleges that Defendants C. Wilber, F. Jacquez, R. Horel, J. Robertson, D. Melton, M. Cook, C. Patten, R. Bell, and R. Linfor stopped honoring his single-cell status and placed him in the behavioral management unit (BMU). (Compl. 4.) Plaintiff essentially raises Eighth Amendment claims based on deliberate indifference to his safety needs. (*Id.*)

    Defendants move to dismiss under Rule 12(b) because Plaintiff failed to exhaust his available administrative remedies properly before filing suit as required by the Prison Litigation Reform Act (PLRA). 42 U.S.C. § 1997e(a); *see Wyatt v. Terhune*, 315 F.3d 1108, 1119–20 (9th Cir. 2003). Because exhaustion is mandatory under the PLRA, Plaintiff is not entitled to file a complaint until he has pursued an inmate appeal addressing the claims in his complaint through the Director's Level of Review. 42 U.S.C. § 1997e(a); *Woodford*, 126 S. Ct. at 2382.

///

[Proposed] Order Granting Defs.' Mot. Dismiss                          *Waters v. Cook, et al.,*<br>                                                                                                C 07-4683 CRB (PR)

1

The California Department of Corrections and Rehabilitation (CDCR) has a four-level administrative-appeals process that permits its inmates to grieve "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse affect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The four levels of appeal include: (1) an informal level, (2) a first formal level of review, (3) a second-level review to the institution head or designated representative, and (4) a final third-level appeal to the Director of the CDCR or designated representative. Id. at § 3084.5. A decision at the Director's level constitutes exhaustion of an inmate's administrative remedies. Id. at § 3084.1(a).

Defendants' motion to dismiss shows that Plaintiff exhausted no administrative grievance concerning his claims against Defendants. Plaintiff attaches an administrative appeal to his complaint, however, this appeal requested single-cell status and does not grieve any facts related to the deliberate indifference claims in this suit. (Compl. Ex. K.) During the time period at issue, from March 6, 2006 to the filing of this action, the only administrative grievance that Plaintiff exhausted involved a medical issue and did not include allegations concerning deliberate indifference to safety. (Grannis Decl. Ex. B.) Therefore, Plaintiff has not properly exhausted his available administrative remedies concerning the allegations set forth in his complaint. 42 U.S.C. § 1997e(a).

After full consideration of all pleadings and good cause appearing, the Court grants Defendants' motion to dismiss in its entirety.

IT IS SO ORDERED.

Dated: _____

HON. CHARLES BREYER
United States District Judge

[Proposed] Order Granting Defs.' Mot. Dismiss                                  *Waters v. Cook, et al.,*
                                                                               C 07-4683 CRB (PR)