IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

FILED
08 JUN -4 PM 1:02

MICHAEL LYNN WATERS,
  PLAINTIFF,

V.

A.W. COOK
  DEFENDANT(S),

"PART (1) MOTIONS"
(1 - 11)

C 07-4683 CRB (PR)

OPPOSITION TO DEFENDANT(S) MOTION TO DISMISS: NOTICE OF MOTION,

AND

PLAINTIFF NOW SUBMIT MOTION FOR SUMMARY JUDGMENT IN HIS FAVOR UNDER RULE (56)-(d)+(f). FOR PRODUCTION OF SAID DOCUMENTS IN THIS (2) TWO PART MOTION: ATTACHED AND REQUEST FOR RELIEF:

TO DEFENDANT(S) C. WILBER, F. JACQUEZ, R. HOREL, J. ROBERTSON, D. MELTON, M. COOK, C. PATTEN, R. BELL, AND R. LINFOR: REPRESENTED by LILY KORMAN: DEPUTY ATTORNEY GENERAL, PLEASE ACKNOWLEDGE THAT PLAINTIFF, MICHAEL LYNN WATERS, IN PRO SE NOW REQUEST THIS COURT TO GRANT SUMMARY JUDGMENT IN HIS FAVOR UNDER FEDERAL RULE OF CIVIL PROCEDURE (56) SECTIONS (d)+(f).

PLEASE TAKE FURTHER NOTICE THAT PLAINTIFF "SHALL" PROVIDE EVIDENCE TO THIS COURT FOR THE "ONLY" EVIDENCE IN DISPUTE WITHIN DEFENDANTS MOTION TO DISMISS AND NOTICE OF MOTION: (SEE- WYATT V. TERHUNE, 315 F.3d. 1108, 1119-20 (9TH CIR. 2003) THESE MOTIONS ARE BASED ON UNDISPUTED FACTS. "NO" OTHER EVIDENCE COULD OVERCOME:

1

### STATEMENTS OF THE ONLY ISSUE PRESENTED TO THIS COURT BY DEFENDANT(S)

THE (PLRA) STATES: EXHAUSTION MAY NOT BE REQUIRED IF YOU CAN SHOW THAT YOU WERE UNABLE TO FILE A GRIEVANCE THROUGH "NO" FAULT OF YOUR OWN, SO YOU SHOULD DEFINITELY GO THROUGH THE GRIEVANCE PROCESS UNLESS YOU ARE TRULY UNABLE.

THE EXHAUSTION REQUIREMENTS UNDER 42 U.S.C.A. §§ 1997e(a) STATES, IN PART: A PRISONER MUST FIRST FILE AN INMATE GRIEVANCE OR COMPLAINT FORM PROVIDED BY YOUR PRISON: (NOT ONLY DO YOU HAVE TO FILE THIS FORM- BUT YOU ALSO NEED TO WAIT FOR (A) RESPONSE AND APPEAL THAT RESPONSE AS FAR UP AS POSSIBLE.)

### STATEMENTS OF FACTS, ARGUMENT AND PLAINTIFF'S EVIDENCE THAT HE DID EXHAUST WHAT ADMINISTRATIVE GRIEVANCE CONCERNING DELIBERATE INDIFFERENCE TO HIS SAFETY AND DUE PROCESS.

PLAINTIFF REQUEST HERE THAT THE (WARDEN) OF CORCORAN STATE PRISON BE CONTACTED AND ALLOW PLAINTIFF TO RECEIVE "ALL" LEGAL PAPER WORK FROM HIS PERSONAL PROPERTY, AS L.T. A. DIAZ) SGT. MALDONADO, SGT. LOPEZ, PROPERTY OFFICER THOMAS, LEGAL MAIL/PICK UP OFFICER RUBACABA, AND THE (ICC) CHAIR PERSON ON 5/21/08) ARE PUNISHING PLAINTIFF AGAIN FOR NOT DOUBLE CELLING WITH ANOTHER INMATE AND HAS REFUSED PLAINTIFF ANYTHING.

PLAINTIFF HAS (ALL) OF THE TRUE COPIES OF DEFENDANT C. WILBER APPEAL REJECTIONS CONCERNING ALL ISSUES OF EXHAUSTION, AS THESE REJECTIONS TO PROCESS PLAINTIFF'S COMPLAINT- C. WILBER

1  became a defendant in this civil-action. As explained
2  and submitted to the Director's level of appeals:
3  prison officials violate the Eighth Amendment when they
4  act with deliberate indifference to a prison condition that
5  exposes a prisoner to an unreasonable risk of serious
6  harm." (Helling v. McKinney, 509 U.S. 25, 33 (1993), (Farmer v.
7  Brennan, 511 U.S. 825, 835 (1994).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

MICHAEL LYNN WATERS
   PLAINTIFF,
V.
A. W. COOK
   DEFENDANT(S)

C 07-4683 CRB (PR)

(PROPOSED) ORDER GRANTING PLAINTIFF'S MOTION TO ALLOW HIM ACCESS TO ALL LEGAL MATERIALS IN HIS PERSONAL PROPERTY TO PRODUCE EVIDENCE IN THIS CIVIL ACTION:

THIS IS A CIVIL ACTION/RIGHTS SUIT FILED UNDER 42 U.S.C. § 1983 BY A STATE PRISONER, PLAINTIFF, MICHAEL LYNN WATERS, PLAINTIFF ALLEGES THAT HE ONLY NEEDS ACCESS TO THE LEGAL MATERIALS WITHIN HIS PERSONAL PROPERTY, AS PLAINTIFF'S PERSONAL PROPERTY IS LOCATED IN A.C.H. OR ANY OTHER PART OF CORCORAN STATE PRISON.

PLAINTIFF MAY HAVE ACCESS TO LEGAL MATERIALS WITHIN HIS PERSONAL PROPERTY TO PRODUCE EVIDENCE IN THIS COURT FOR THE EXHAUSTION OF SAID ADMINISTRATIVE REMEDIES (MENTION) IN THE DEFENDANTS MOTION TO DISMISS FOR PLAINTIFF "NOT" EXHAUSTING THE ADMINISTRATIVE REMEDIES AVAILABLE BEFORE FILED, THIS CIVIL-ACTION. AFTER FULL CONSIDERATION OF ALL PLEADINGS AND GOOD CAUSE APPEARING, THE COURT GRANTS PLAINTIFF'S MOTION (TO) PROVIDE HIM ACCESS TO HIS PERSONAL PROPERTY FOR LEGAL MATERIALS TO PROVIDE/PRODUCE HIS EVIDENCE OF EXHAUSTION BEFORE ANY FURTHER RULINGS IN THIS CASE.

IT IS SO ORDERED: THAT PLAINTIFF HAVE ACCESS TO HIS LEGAL MATERIALS IN HIS PERSONAL PROPERTY NO LATER ____

4

1  THAN _____ DAYS FROM SIGNED ORDER.

3  DATED:
4  _____
   HON. CHARLES BREYER
5  UNITED STATES DISTRICT JUDGE

5

## DEFENDANT(S) ACKNOWLEDGEMENT OF FACTS

1. SEE (PAGE-4) LINES (25-28) STATES: PLAINTIFF DOES
2. REFERENCE AN ADMINISTRATIVE GRIEVANCE IN HIS COMPLAINT,
3. INMATE APPEAL NUMBER (06-00110) (COMPL. 3.1-4, COMPL. EX. K.)
4. IN IT, PLAINTIFF REQUESTED SINGLE CELL STATUS AND THAT THIS
5. STATUS BE BASED ON HIS MENTAL HEALTH ISSUES. (COMPL. EX. K.)
6. THIS APPEAL WAS SUBMITTED ON NOVEMBER 6, 2005, AND WAS
7. GRANTED AT (THE) SECOND LEVEL OF REVIEW.

## DUE PROCESS VIOLATION

9. DEFENDANT D. MELTON HERSELF- SEE PLAINTIFF'S COMPLAINT- WROTE
10. ON THE INMATE REQUEST FORM TO INMATE RECORDS THAT PLAINTIFF
11. REFUSED TO DOUBLE CELL WHILE IN (EOP). SHE ALSO WROTE OUT THE
12. (BMU) REVIEW PLACEMENT SLIP AND SHE WAS ON THE (UCC) TO PLACE
13. PLAINTIFF IN (BMU). AS PLAINTIFF STATED IN (UCC) ON THE 128-G
14. WRITTEN by D. MELTON: I/M STATED: I WILL SEE YOU IN COURT.
15. ALSO, CHAIR PERSON: CAPTAIN BELL, THIS INFORMATION WAS KNOWN
16. TO DEFENDANT(S) C. WILBER, R. HOREL, J. ROBERTSON, M. COOK, AND
17. R. LINFOR- WHO FALSIFIED DOCUMENTS OF (ICC) SHEET 3/8/06 IN
18. WHICH IS A CRIME: OFFICER KUNZ) TOOK THE SINGLE CELL HERSELF.

## DEFENDANT(S) FABRICATED COMPLAINT

20. THEY APPEARED DETERMINED TO FORCE THE EVIDENCE TO CONFORM
21. TO THEIR PRECONCEIVED NOTIONS OF WHAT THEY WANT TO SEEM TRUE:
22. JUST BEFORE (DEC 22, 2006) IN WHICH INMATE JONES WAS BEAT DOWN
23. IN (B-8) BY (2) BLOOD GANG MEMBERS ON THIS DATE. A PRODUCTION
24. OF THE ORDER WOULD SHOW THAT THE BLACK + WHITE INMATES
25. WERE TO BECOME SEPARATED FOR ANY SCHEDULE CALL OUTS, MEDICAL
26. AND LAW LIBRARY FOR (BMU) INMATES, DUE TO BLACK INMATES AND
27. SKIN HEADS:
28. A MISTAKE WAS MADE SOMEWHERE AND THE BLACK INMATES

1. FROM (BMU) WERE ESCORTED TO THE LAW LIBRARY. (5) OF
2. US. BLACK INMATES AND (1) INDIAN. (2) KNOWN SKIN HEADS
3. WERE IN THE LAW LIBRARY: WHITE INMATES (JOHN + HIS CELLIE
4. CHRIS)
5. AFTER BEING READY TO GO BACK TO (BMU), IN WHICH (JOHN +
6. CHRIS) WAS IN (BMU) AND SAME SECTION (A):
7. JOHN + CHRIS) WALKED OUT FIRST. FOLLOWED BY PLAINTIFF
8. (MYSELF) AND THEN ANOTHER BLACK INMATE. AS INMATE CANADA,
9. WHO IS BLACK WAS COMING OUT THE DOOR. INMATE JOHN, RUSHED
10. TOWARD INMATE CANADA. WHO TOOK OFF RUNNING FROM INMATE
11. JOHN) THEN INMATE CHRIS TOOK OFF RUNNING AT INMATE-
12. CANADA.
13. THE BLACK INMATES WERE UPSET THAT INMATE CANADA WAS
14. JUMPED. HOWEVER, NOT KNOWING INMATE CANADA HAD RAN!
15. INMATE JOHNSON + HIS CELLIE, BLOOD GANG MEMBERS, ASK
16. PLAINTIFF TO GET INMATE JONES, BECAUSE INMATE JONES
17. WHO IS BLACK STATED: PLAINTIFF LEFT INMATE CANADA ALONE
18. TO FIGHT, AN DIDN'T HELP HIM:
19. PLAINTIFF CLEARLY TOLD JOHNSON + ALL OTHER BLACK INMATES
20. THAT INMATE CANADA RAN, AND THAT PLAINTIFF WOULD NOT ALLOW
21. ANY YOUNG GANG MEMBER TO TELL HIM ANYTHING. THAT HE
22. WOULD LEAVE BEFORE KILLING ONE OF THEM: THE YOUNG BLOOD
23. + CRIP INMATES FELT THAT THEY WILL BEAT ON PLAINTIFF
24. DURING DAYROOM. PLAINTIFF HAD (2) ICE PICKS TIED IN BOTH
25. HANDS: AS PLAINTIFF ASKED "ALL" BLACK INMATES TO INNER THE
26. DAYROOM: JUST BEFORE DAYROOM, C/O WOOLWORTH STATED THAT
27. CAPTAIN FOSS HAD CALLED AND SAID, "NO" DAYROOM FOR LEVEL-
28. 1 (BMU) INMATES! JUST LEVEL 2 + 3 ONLY:

OFFICER WOOLWORTH SPOKE WITH PLAINTIFF ABOUT THIS SOMETIME LATER, I TOLD C/O WOOLWORTH TO TELL CAPTAIN FOSS HE STOPPED SOMEONE FROM BEING KILLED! BECAUSE PLAINTIFF WASN'T GOING TO STOP FOR NOTHING. IT WAS (8) AGAINST (1). PLAINTIFF.

ON DEC. 22, 2006, WHILE INMATE JONES, WAS OUT FOR SHOWER, INMATE JOHNSON + HIS CELLIE CALLED (OFFICER SILCOX) WHO LET THEM OUT OF THEIR CELL TO BEAT DOWN INMATE JONES! INMATE JOHNSON + HIS CELLIE WERE LET OFF FROM THEIR 115's TO 128's FOR HORSE PLAYING? INMATE JONES WAS TAKEN TO AD-SEG. PLAINTIFF WAS PENDING AD-SEG ON DEC 29, 2006, AND STILL RECEIVED A (128) FOR REFUSING (BMU) CLASS? SEE COMPLAINT.

SEE (1030) SHEET IN COMPLAINT DONE BY CCI- D. MELTON, SHE SPOKE WITH PLAINTIFF AND STATED: I DON'T UNDERSTAND HOW JOHNSON + HIS CELLIE GOT OUT OF GOING TO THE HOLE! THIS IS WHEN PLAINTIFF LEARNED OF WORD SPREADING TO ALL BLACKS WITHIN PELICAN BAY STATE PRISON:

PLAINTIFF CONTENDS THAT HE IS TO OLD TO GANG BANG OR ALLOW ANY BLACKS TO CONTROL HIS LIFE. PLAINTIFF TURNED AGAINST THEM BECAUSE EVEN IN JAIL, THERE ARE SOCIAL CLASSES, INMATES NEED TO FEEL MORALLY SUPERIOR TO SOMEONE, THAT SOMEONE WASN'T PLAINTIFF, I NEED MENTAL HEALTH TREATMENT, NOT TO ENCOUNTER NOR BE SUPPORTIVE OF NONSENSE!

# MEMORANDUM OF POINTS AND AUTHORITIES
## INTRODUCTION

1. IF A DECISION BY PRISON OFFICIALS RESULTS IN CONDITIONS THAT
2. A SEVERE ENOUGH TO MEET THE "SIGNIFICANT AND ATYPICAL"
3. STANDARD, THE PRISON MUST GIVE THE INMATE PROCEDURES LIKE
4. A HEARING AND A CHANCE TO PRESENT EVIDENCE. COURTS HAVE
5. FOUND DUE PROCESS VIOLATIONS WHEN PRISONERS ARE DISCIPLINED
6. WITHOUT THE CHANCE TO GET WITNESS TESTIMONY, HAVE A HEARING,
7. OR PRESENT EVIDENCE. SOME CASES IN WHICH THESE TYPES OF CLAIMS
8. WERE SUCCESSFULLY MADE ARE:
9. (AYERS V. RYAN, 152 F.3d. 77 (2d CIR. 1998) (TAYLOR V. RODRIGUEZ,
10. 238 F.3d. 188 (2d CIR. 2001). AND (HATCH V. DISTRICT OF COLUMBIA,
11. 184 F.3d. 846 (D.C. CIR. 1999).
12.
13. A PRISON HAS VIOLATED THE PLAINTIFF'S DUE PROCESS BY THE SAME
14. STANDARD SET OUT UNDER (SANDIN V. CONNOR, APPLIES: SEE - 515 U.S.
15. 472 (1995). YOU MUST SHOW THAT THE TRANSFER RESULTED IN
16. CONDITIONS THAT WERE A "SIGNIFICANT OR ATYPICAL DEPARTURE FROM
17. THE ORDINARY INSTANCES OF PRISON LIFE."
18.              TRANSFER TO CORCORAN STATE PRISON
19.
20. PLAINTIFF IS BEING PUNISHED AGAIN FOR NOT DOUBLE CELLING, WHEN
21. HE ASKED TO PRESENT EVIDENCE IN ICC AT CORCORAN. C/O MARTINEZ,
22. TOOK IT AND SAID: YOU KNOW BETTER THAN THAT. ICC CHAIR PERSON
23. STATED ON 5/21/08: I DON'T CARE WHAT THE ATTORNEY GENERAL SAID,
24. I'M TAKING YOUR SINGLE CELL; STATING: YOU WILL SEE MY NAME ON 128-G
25. L.T. A. DIAZ, STATED: I DON'T GIVE A "F__K" WHAT THE ATTORNEY GENERAL
26. SAID. YOU GOT WHAT YOU HAVE COMING.
27. PLAINTIFF HAS ("NO") TOOTHBRUSH, TOOTHPASTE, CLEANER, MATTRESS,
28. CUP, SPOON, WITH A "GRANULOMA" ON RIGHT LITTLE FINGER.

## CONCLUSION

PLAINTIFF CONTENDS THAT SEVERAL MISTAKES HAD BEEN MADE BY OFFICIALS, ONE COVER UP LEAD TO CIRCUMSTANCES THAT BECAME ENTIRELY OUT OF CONTROL.

AS THINGS CONTINUE TO GET WORSE WITH MASSIVE VIOLATIONS OF PROFESSIONAL RESPONSIBILITIES, CONSTITUTIONAL RIGHTS, AND ABOVE ALL ELSE, OFFICIALS HAVE ASSOCIATED WITH PRACTICE OF EVIL - INTENT' VIOLATIONS'.

RESPECTFULLY

5/30/08
DATED'.

MICHAEL LYNN WATERS

## PLAINTIFF'S REQUEST FOR RELIEF

PLAINTIFF REQUEST THAT:

1) TO REMOVE THE FALSIFIED 128-G WRITTEN BY CCII-LINFOR OF 3/8/06 FROM PLAINTIFF'S C-FILE TO DOUBLE CELL.

2) TO REMOVE THE 128-G WRITTEN BY CCII-EDWARDS ON 4/23/08 TO TRANSFER PLAINTIFF TO CORCORAN AND DOUBLE CELL. HE DID FALSIFY DOCUMENTS.

3) TO REMOVE ANY AND ALL 128's AND 115's WRITTEN BETWEEN 3/6/06 — JAN 11, 2007, AS WELL AS SAID REPORTS TO DOUBLE CELL.

4) TO PLACE A SINGLE CELL STATUS UP DATED IN PLAINTIFF'S C-FILE. AND THAT PLAINTIFF RECEIVE A COPY AS WELL.

5) TO PLACE PLAINTIFF IN A (PSU) PROGRAM OR (OHC) PROTECTIVE UNIT - DUE TO MENTAL HEALTH ISSUES AND MANY ENEMIES.

6) TO RECEIVE MY PROPERTY HERE IN AD-SEG AS OTHER INMATES WHO ARE PROGRAMMING IN (3A03).

7) AND ANY OTHER RELIEF THIS COURT SEE SUITABLE IN THIS CASE.

PLAINTIFF RESPECTFULLY REQUEST THIS RELIEF, HE SHOULD NOT HAVE BEEN PLACED IN BMU AROUND ANY OF THE INMATES WITH NON-SENSE.

5/30/08
DATED:

MICHAEL LYNN WATERS
Michael Lynn Waters
SIGNATURE

11