IN THE UNITED STATES NORTHERN DISTRICT COURT OF CALIFORNIA

FILED
08 JUN -4 PM 1:02

MICHAEL LYNN WATERS
PLAINTIFF,

V.

A. W. COOK
DEFENDANTS,

C 07 4683 CRB (PR)
DISTRICT-COURT CASE NO:

"PART (2) MOTIONS"
(1-10)

MOTION

OPPOSITION - TO ANY SAID OR UNANSWERED MOTION(S) DUE DATE OF MAY 12TH 2008 AND SUPPORTED REQUEST FOR SUMMARY JUDGEMENT IN PLAINTIFF'S FAVOR - WHEREAS ATTACHMENT MOTIONS ARE INCLUDED TO PRESENT:
1) PRODUCTION OF DOCUMENTS
2) DEPOSITION OF A (DEPONENT
3) REQUEST FOR ADMISSION

ORDER
ALL REQUESTED DOCUMENTS SHALL BE PRODUCED WITHIN (30) DAYS OF FILING DATE.

NOTICE

THIS MOTION IS SUPPORTED BY MATERIAL FACTS: PRESENTING A SUFFICIENT AMOUNT OF EVIDENCE ON EACH ELEMENT OF THIS CLAIM: RULE (56)(C)-(d) THE PRODUCTION OF SAID DOCUMENTS WOULD SUPPORT THE DOUBLE-CELL OR SINGLE-CELL FOR MENTAL HEALTH ISSUE, ALL OTHER DOCUMENTS NOW IN EXHIBITS ARE LISTED UNDER CASE NO: ABOVE THIS MOTION IS SUPPORTED UNDER OATH. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

5/19/08
DATE

Michael Lynn Waters
SIGNATURE

IN PRO-SE

MICHAEL LYNN WATERS #P-1617
3A03 114-Low
CORCORAN STATE PRISON
P.O. BOX 8800
CORCORAN, CALIFORNIA
93212

(1 of 10)

## SUPPORTING FACTS FOR SUMMARY JUDGEMENT

PLAINTIFF CONTENDS HERE THAT THE DUE PROCESS ALONE CAN'T BE OVERCOMED BY ANY OTHER EVIDENCE, AS DEFENDANT CCI-MELTON WROTE OUT THE ONLY REPORT ON THE REQUEST FOR INTERVEIW SLIP THAT PLAINTIFF REFUSED TO DOUBLE CELL IN (EOP) AND, CCI-MELTON WROTE OUT THE SLIP FOR (BMU) PLACING A FAILURE TO PROGRAM, AND CAUSED OFFICIALS TO FURTHER MISTREAT PLAINTIFF IN HIS (C-FILE). THEN, CCI-MELTON WAS ALLOWED TO SIT ON THE VERY SAME (UCC) TO PLACE PLAINTIFF IN THE BMU PROGRAM AS A PROGRAM FAILURE.

QUESTIONS) WAS THIS A DUE PROCESS VIOLATION? YES

2) DID THIS IMPOSE ATYPICAL AND SIGNIFICANT HARDSHIP ON THE PLAINTIFF IN RELATION TO THE ORDINARY INCIDENTS OF PRISON LIFE? YES

SEE (SANDIN V. 515 U.S. AT 483-84).

(PREPONDERANCE OF THE EVIDENCE)
ON GOING RISK OF PROBLEMS THAT WOULD ENDANGER HEALTH AND SAFETY TO PLAINTIFF

PLAINTIFF FURTHER CONTENDS HERE THAT:

DELIBERATE INDIFFERENCE: THE "STATE OF MIND" REQUIREMENT THAT INMATES "MUST" SATISFY TO PROVE A VIOLATION OF THEIR RIGHTS TO PROTECTION FROM ASSAULT, MEDICAL CARE, AND HUMANE CONDITIONS OF CONFINEMENT, INMATES MUST SHOW THAT EACH DEFENDANT (1) ACTUALLY KNEW ABOUT A SUBSTANTIAL RISK OF SERIOUS HARM, AND (2) FAILED TO RESPOND REASONABLY.

MOTION FOR
PRODUCTION OF DOCUMENT

MICHAEL LYNN WATERS
    PLAINTIFF,

V.

A. W. COOK
    DEFENDANT(S)

C 07-4683 CRB (PR)
CASE NO:

CAPTION

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION FOR THESE DOCUMENTS IN THIS COURT.

PURSUANT TO RULE 26 AND RULE 34 OF THE FEDERAL RULES OF CIVIL PROCEDURE, PLAINTIFF REQUESTS THAT THE DEFENDANTS PRODUCE THE FOLLOWING DOCUMENTS: PLEASE PRODUCE THE DOCUMENTS TO PLAINTIFF AT CORCORAN STATE PRISON P.O. BOX 3461. CORCORAN, CA 93212. OR AT SUCH PLACE AS ALL PARTIES SHALL HEREAFTER AGREE: PLEASE NOT THAT THE TERM "DOCUMENT" IS DEFINED BROADLY IN FEDERAL RULE OF CIVIL PROCEDURE 34 (a)(1) AND INCLUDES REGULATIONS SOP's, MEMORANDA, CORRESPONDENCE, AND E-MAILS.

1) ALL DOCUMENTS THAT CONTAIN, MENTION, CONSTRUE, OR REFER TO PSU-B-1 > 114's — 114(A) AND 114 D > INCLUDING ALL INMATE MOVEMENT RECORDS AND OFFICERS ESCORTING PLAINTIFF. MICHAEL LYNN WATERS #P-16171 - B-1-115 > COMING AND GOING BETWEEN (2/28/2006 — 3/28/2006).

2) ANY AND ALL WRITTEN NOTES, DOCUMENTS

(3 of 10)

THAT CONTAIN, MENTION, CONSTRUE, OR REFER TO STAFF/OFFICIALS IN PSU - PROGRAM OFFICE BETWEEN (3/6/2006 - 3/8/2006) THE COMMITTEE'S OF: (ICC, UCC) AND LISTED STAFF/OFFICIALS. ALL INMATES/NAMES WHO WAS PHYSICALLY PRESENT.

3) ANY AND ALL WRITTEN NOTES, DOCUMENTS, THAT CONTAIN, MENTION, CONSTRUE, OR REFER TO STAFF/OFFICIALS OF THE (EOP) COMMITTEE ACTIONS OF PLAINTIFF MICHAEL LYNN WATERS, # P-16171 BETWEEN (3/28/2006 - JUNE 2006) AND (CDC-115'S, OR 128's OF CONDUCT/MISCONDUCT)

4) ANY AND ALL DOCUMENTS, WRITTEN NOTES, THAT CONTAIN, MENTION, CONSTRUE, OR REFER TO ALL LISTED INMATES NAMES, CDC NO#, AND LOCATIONS ON (PBSP-B-YARD) BETWEEN (3/28/2006 - JAN-7/2007) IN BLOCKS (B-3-4-5-6-7-8) AND INCLUDING AS STATED ABOVE IN (BLOCK-A-1) FROM (JAN 1, 2007 - MAY 1, 2008)

ORDER REQUESTED

DUE TO REVIEWING FIRST THE DUE PROCESS VIOLATION THAT CAN'T BE OVERCOMED BY ANY OTHER EVIDENCE. WHERE DEFENDANT (CCI-MELTONS) STATEMENT THAT PLAINTIFF REFUSED TO DOUBLE CELL IN (EOP) ON THE REQUEST FOR INTERVIEW. BEING THE ONLY MISCONDUCT REPORTED BY CCI-MELTON. THEN CCI-MELTON SUBMITTED THE REVIEW FOR (BMU) PLACEMENT TOO. AND CCI-MELTON SET ON THE (UCC) TO PLACE PLAINTIFF IN (BMU) AS A PROGRAM FAILURE. THESE DOCUMENT'S ARE WARRANTED.

MICHAEL LYNN WATERS            Michael Lynn Waters

(4 of 10)

5

## SHORT/MOTION
## DEPOSITIONS

PLAINTIFF REQUEST THAT OFFICER R. YOUNG BE PLACED ON NOTICE OF DEPOSITION ><(ISSUED) A SUBPOENA UNDER FEDERAL RULE 45> TO ANSWER, (1) QUESTION UNDER OATH UNDER RULE 30 (F)(1) RULE 30 (b)(4) AND (F)(1)

SEE (EXHIBIT-A) ATTACHED. THE (128-G) WHERE OFFICE R. YOUNG WAS PLAINTIFF'S STAFF ASSISTANCE:

QUESTION BE PAID FOR BY PLAINTIFF FOR ORAL DEPOSITION:

1) OFFICER R. YOUNG > SIR, THE (ICC) OF (3/26/2008) - DID YOU PERSONALLY REVIEW THE 128-G IN FRONT OF INMATE MICHAEL LYNN WATERS CELL (A-1-208) AND MAKE THE FOLLOWING STATEMENT! YES OR NO

STATEMENT: (I DON'T REMEMBER HEARING ANY OF THIS!) C/O YOUNG:

### ARGUMENT TO SUPPORT    SEE (EXHIBIT-1)
### SAFETY-CONCERNS              ATTACHED

PLAINTIFF CONTENDS HERE THAT BEING TRANSFERED TO CORCORAN WILL NOT UNDO THE DANGER THAT PLAINTIFF MUST FACE EVERYDAY WHILE ON ANY PRISON GENERAL- POPULATION. AS PLAINTIFF IS KNOWN AT PBSP > DUE TO BEING ON A/B YARDS FROM (1998- MARCH OF OF 2000)

### WARDEN HOREL'S
### APPEAL- ANSWER

THE REVIEW OF THE CDCR. 1030 FOUND THAT THIS DOCUMENT STATES THE WORD (WAS) BEING SPREAD TO "ALL" OF THE BLACKS THROUG " THE INSTITUSOIN" THAT HE HAD REFUSED TO HELP A BLACK INMATE " JUMPED" BY TWO WHITE INMATES'. THEREFORE, THE INMATE,(████) NEED TO GET OFF THE YARD: (MICHAEL-WATERS/Michael waters)

(5 of 10)

[EXHIBIT_1
FALSIFIED DOCUMENT]

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDCR 128G (REVISED 4/07)

| | | | | | | |
|---|---|---|---|---|---|---|
| NO: P-16171 | NAME: WATERS, MICHAEL | | | | | HSG: AF1 208 |
| Custody: MAX | PS 83 | Level: IV | WG/PG: D1/D | EFF: 01/10/07 | Assignment: ASU | |
| Rel Date: MEPD 03/29/2017 | Reclass: TBD | Action: | RETAIN IN ASU DUE TO LOCAL ENEMY CONCERNS; REFER TO CSR RX TX | | | |
| BPH Rev: 0 | | | COR-IV 270 OR ALTERNATE LAC-IV 270 NOTING CCCMS LOC | | | |

**Comments:** Inmate WATERS appeared before PBSP AD-SEG, ICC on this date for Subsequent Review. ICC notes the 114-D dated 3/21/08, wherein S was placed in ASU due to expressed safety concerns. Investigative Employee was not required. Witnesses were not requested per CCR, Title 15, Sections 3338(h) and (i). CCII D. Edwards explained to S the nature of a confidential document dated 07/19/07, and as disclosed on CDC 1030 dated 08/10/07, and its relevance to S's safety issues if returned to PBSP BMU. S admits that he can no longer remain at PBSP as the Black Inmate population considers him "no good". S fears he will be disciplined for his prior behavior, but is not requesting SNY placement. When asked if S could Double Cell, S stated that he could live with a compatible inmate.

Subject was issued a new 114D dated 3/21/08 as the subject has been in ASU for a period of one year. The current 114D retains S in ASU due to safety concerns if returned to the GP. This 114D is appropriate for ASU retention.

ICC notes S meets 270 housing. ICC notes that the Subject has had positive behavior during the last year. ICC acts to refer S's case to the CSR for transfer consideration to COR or LAC for 270°Level-IV housing. S was advised he would remain in ASU for his Safety pending transfer.

**Staff Assistance:** S was provided a Staff Assistant as he is a participant in the MHSDS. Correctional Officer, R. Young met with S, 24 hours prior to ICC and was present for today's ICC hearing. S was afforded a SA due to his MHSDS level of care at CCCMS.

**Psychiatric concerns:** LCSW, P. Clendenin was present during ICC. When S was asked about his mental health, S stated his mental health was "O.K." Committee notes the CDCR-128C dated 06/13/07 placing S at the CCCMS level of care. S meets PBSP-SHU exclusionary criteria.

**DA action:** N/A

**Cell status:** S is cleared for double celling, but has a propensity to refuse cellies or manipulates staff to get a single cell. ICC does not impose the S suffix.

**Yard status:** Placed on WA yard pending release from ASU.

**Committee action:** Retain in ASU at Max Custody and WG/PG of D1/D, due to local safety and enemy concerns. Refer to CSR for transfer consideration, recommending COR-IV, alternate LAC-IV as an alternate for 270° housing. Transfer is considered to be not adverse based on local enemy concerns. S will be eligible for CLO-B Custody and WG/PG of A2/B upon transfer.

**Inmate comments:** S expressed his understanding of the basis for the ICC action and disagreed with the action that he be doubled cell.

**Appeal rights:** S was advised of his right to appeal the aforementioned decisions, and submit the appeal within 15 days of today's action, whether or not he has received the 128G classification chrono, to preserve his appeal rights pursuant to time constraints.

| | |
|---|---|
| CHAIRPERSON: P.T. SMITH, CDW(A) | RECORDER: D. EDWARDS/CCII |
| COMMITTEE MEMBERS: T. WOOD/FC(A)    P. CLENDENIN/PHD | C/O R. YOUNG/SA |
| DATE: 3/26/08 | INSTITUTIONAL CLASSIFICATION COMMITTEE    Inst.: PBSP |

[Case Factors remain the same
(CCII#) 4/17/08]

(6 of 10)

*WHERE IS "ALL" OF THESE INMATES NOW?*

Supplement Page 3
WATERS, P16171
Appeal # PBSP-S-08-01160

The Confidential Memorandum dated July 19, 2007, was reviewed at the Second Level of Review. The circumstances of the inmate's safety concerns appear to be localized to PBSP. At the Second Level of Review, the review of the CDCR 1030 found that this document states the word was being spread to "all" of the Blacks throughout "the institution" that he had refused to help a Black inmate "jumped" by two White inmates. Therefore, the inmate needed to get off the yard. The inmate's CDCR 812, Notice of Critical Case Information – Safety of Persons, and CDCR 812C, Notice of Critical Information – Confidential Enemies, were also reviewed and the inmate currently has no enemies housed at COR IV.

The inmate is appropriately CSR endorsed to an institution commensurate with his case factors. The inmate has failed to provide sufficient information to prove the contents of the CDCR 128G dated March 26, 2008, is inaccurate or that he would not be able to program on the COR IV (270) GP. However, if upon transfer to COR IV (270), the inmate should identify a specific enemy concern, he is advised to immediately notify staff. To delay the transfer pending completion of civil litigation is not necessary. If the inmate is required to appear before the court in Del Norte County, he will be transferred back to PBSP for the court proceedings and then returned to COR IV. Monetary compensation is beyond the scope of the appeal process. This APPEAL IS DENIED.

## MODIFICATION ORDER

No modification of this decision or action taken is required.

*[signature]*
ROBERT A. HOREL
Warden

NAT #40      Date 04/29/08

ANSWERED APPEAL
SEE PAGE - 3

| PELICAN BAY STATE PRISON |
| --- |
| SECOND LEVEL REVIEW |

DATE: APR 3 0 2008

Inmate WATERS, P16171
Pelican Bay State Prison
Facility A, Administrative Segregation Unit
Building 1, Cell 208

RE: WARDEN'S LEVEL DECISION                          APPEAL: DENIED
    APPEAL LOG NO. PBSP-S-08-01160                   ISSUE: CUSTODY/CLASS.

This matter was reviewed by ROBERT A. HOREL, Warden, at Pelican Bay State Prison (PBSP). This appeal was assigned and processed as an Emergency Appeal, pursuant to the California Code of Regulations (CCR), Title 15, Section 3084.7 (a)(1). On April 29, 2008, Correctional Counselor II (CCII) N. Threm conducted the interview at the Second Level of Review.

ISSUES

Inmate Waters requests his transfer to the 270 design yard at California State Prison – Corcoran IV (COR IV) be stopped. Additionally, the inmate requests monetary compensation in the amount of $100,000.

FINDINGS

I

In his appeal, the inmate alleges the CDCR 128G, Classification Chrono, dated March 26, 2008, falsely documents the Institutional Classification Committee (ICC) action. The inmate contends he did not agree to be placed at the 270 design yards at COR IV or California State Prison-Lancaster (CSP-LAC) IV. He disagrees with the statements in the California Department of Corrections and Rehabilitation (CDCR) 128G regarding double celling. Additionally, he disputes that he was not interviewed by CCII D. Swearingen for an investigation as allegedly ordered by Chief Deputy Warden (CDW) (A) P. T. Smith during the committee.

II

The Second Level Reviewer interviewed the inmate relative to his appeal issue. The inmate stated the CDCR 128G dated March 26, 2008, contains false information. The inmate states he did not agree to the transfer to COR IV (270) or LAC IV (270). The inmate alleges that during the March 26, 2008 ICC, CDW (A) P.T. Smith had told him he would not be moved until CCII D. Swearingen did an investigation. The inmate was asked what CCII Swearingen was allegedly supposed to investigate. The inmate replied it was going to be about the double cell issue and then added, later in the interview, that it would also be about where he could live. Additionally,

Supplement Page 2
WATERS, P16171
Appeal # PBSP-S-08-01160

the inmate stated he has a pending civil action regarding staff at PBSP and wanted a transfer to be held up pending completion of this litigation. The inmate also contends the CDCR 1030, Confidential Information Disclosure Form, states "all" Black inmates state he is "no good." Therefore, it is the inmate's belief that he cannot program in the General Population (GP). The inmate was asked where he believed he could transfer to in order to program. The inmate replied, "If I can't live on the mainline here, then I can't live anywhere."

## DETERMINATION OF ISSUE

The CCR, Title 15, Section 3270, General Policy, states, *"The primary objectives of the correctional institutions are to protect the public by safely keeping persons committed to the custody of the Director of Corrections, and to afford such persons with every reasonable opportunity and encouragement to participate in rehabilitative activities."* Section 3375, Classification Process, states in part, *"(a) The classification process shall be uniformly applied, commencing upon reception of a person committed to the custody of the director and shall continue throughout the time the individual remains under the director's jurisdiction. Each inmate shall be individually classified in accordance with this article. (b) The classification process shall take into consideration the inmate's needs, interests and desires, his/her behavior and placement score in keeping with the department and institution's/ facility's program and security missions and public safety. (c) Each determination affecting an inmate's placement within an institution/facility, transfer between facilities, program participation, privilege groups, or custody designation shall be made by a classification committee composed of staff knowledgeable in the classification process."*

The inmate's Central File was reviewed at the Second Level of Review. It is noted that the ICC of October 24, 2007, had referred the inmate's case to the Classification Staff Representative (CSR) with a transfer recommendation of LAC IV (270) or CAL IV (270). The inmate was CSR endorsed to High Desert State Prison IV (180) on November 29, 2007. The CSR CDCR 128G dated November 29, 2007, stated the recommended institutions were closed to intake and the inmate technically met criteria for a 270 design institution. The CSR approved retention of the inmate in the Administrative Segregation Unit (ASU) pending transfer. The CDCR 128G also reflected the transfer approval expired on March 28, 2008, and would require return to the CSR for re-authorization.

The CDCR 128G dated March 26, 2008, notes the inmate was issued a new CDCR 114D, ASU Placement Notice, dated March 21, 2008, as he has been in the ASU for a period of one year. The current CDCR 114D retains the inmate in the ASU due to expressed safety concerns if returned to PBSP GP. The CDCR 1030 dated August 9, 2007, disclosed the confidential document dated July 19, 2007, regarding the inmate's safety issues if he returned to the PBSP GP. The CDCR 128G states he inmate fears he will be disciplined for his prior behavior, but is not requesting Sensitive Needs Yard placement. Committee elected to retain the inmate in the ASU due to local safety and enemy concerns. His case was referred to the CSR for transfer consideration, with the recommendation of COR IV (270) with alternate LAC IV (270). On April 17, 2008, the inmate's Central File was reviewed by the CSR and he was endorsed for transfer to COR IV (270).

## CONCLUSION

Plaintiff request that his motions be granted and never again allow the officials to punish an inmate behind their mistakes.

Respectfully

5/19/08
Dated:

Michael Lynn Waters

# PROOF AND CERTIFICATION OF SERVICE

I, MICHAEL LYNN WATERS, HEREBY CERTIFY THAT I AM OVER THE AGE OF (18) YEARS AND A PARTY TO THE WITHIN ACTION: ON 5/19/08 I SERVED THE SAID DOCUMENT(S) ON THE LISTED PARTY(S) BELOW BY PLACING SAID DOCUMENT(S) IN THE U.S. MAIL HERE AT CORCORAN STATE PRISON - P.O. BOX 3456 - CORCORAN, CALIFORNIA 93212-3456:

CLERK OF COURT
U.S. NORTHERN DISTRICT
COURT OF CALIFORNIA
450 GOLDEN GATE AVE.
SAN FRANCISCO, CALIFORNIA

OFFICE OF ATTORNEY GENERAL
455 GOLDEN GATE AVE.
SAN FRANCISCO, CALIFORNIA

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

5/19/08
DATED:

Michael Lynn Waters
SIGNATURE

(6) (10 of 10)



MICHAEL LYNN WATERS #P16171
3A03 212 LOW
CORCORAN STATE PRISON
P.O. BOX 3461
CORCORAN, CALIFORNIA
93212

TO: CLERK OF C

THE HONORABLE CHF
THE UNITED STATES
FOR THE NORTHERN DI
SAN FRANCISCO
450 GOLDEN GATE
SAN FRANCISCO, CALIF