1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  THOMAS S. PATTERSON
   Supervising Deputy Attorney General
5  LILY A. KORMAN, State Bar No. 242688
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7    Telephone: (415) 703-5507
     Fax:  (415) 703-5843
8    Email:  Lily.Korman@doj.ca.gov

9  Attorneys for Defendants C. Wilber, F. Jacquez, R.
   Horel, J. Robertson, D. Melton, M. Cook, C. Patten,
10 R. Bell, and R. Linfor

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| MICHAEL LYNN WATERS, | C 07-4683 CRB (PR) |
|---|---|
| Plaintiff, | **DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS** |
| v. | |
| A.W. COOK, et al, | The Honorable Charles R. Breyer |
| Defendants. | |

## INTRODUCTION

Defendants moved to dismiss this action under the non-enumerated portion of Rule 12(b) of the Federal Rules of Civil Procedure, as mandated by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Plaintiff filed an opposition in which he fails to demonstrate that he complied with the PLRA exhaustion requirements before filing this action. Defendants respectfully request that this Court dismiss this action.

///

///

Defs.' Reply to Pl.'s Opp'n Defs.' Mot. Dismiss

*Waters v. Cook, et al.,*
C 07-4683 CRB (PR)

1

# ARGUMENT

**THIS ACTION SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILED TO EXHAUST HIS AVAILABLE ADMINISTRATIVE REMEDIES BEFORE FILING SUIT.**

**A.  Plaintiff Fails to Demonstrate in His Opposition to Defendants' Motion to Dismiss that He Exhausted His Available Administrative Remedies.**

Plaintiff fails to demonstrate in his opposition to Defendants' motion to dismiss that he exhausted his available administrative remedies concerning the claim in this action against Defendants for deliberate indifference to his safety. (*See* Pl.'s Opp'n Brief.) Instead, Plaintiff states that he has all the copies of appeal rejections "concerning all issues of exhaustion." (*See* Pl.'s Opp'n Brief 2.) But the next page of Plaintiff's brief is a proposed order from this Court granting Plaintiff access to all legal materials in his personal property. (*Id.* at 3.)

In their motion to dismiss, Defendants provided a print-out of the Director's Level appeals for Plaintiff. (Decl. Grannis Supp. Defs.' Mot. Dismiss, Ex. A.) This print-out, and corresponding declaration from the Chief of the Inmate Appeals Branch, indicate that Plaintiff has not exhausted any appeals relating to the allegations in his complaint. (Defs.' Mot. Dismiss 6-7.) Even assuming the Court grants Plaintiff's order for access to legal materials, it is unlikely Plaintiff will unearth evidence sufficient to counter the electronically-based inmate appeals records retained by the California Department of Corrections and Rehabilitation. (*See* Decl. Grannis Ex. A.)

Plaintiff also states in the section of his opposition titled "Due Process Violation," that because he stated to Defendants Bell and Melton, "I will see you in court," "this information was known to all Defendants." (*Id.* at 6.) It is unclear if Plaintiff contends that providing this verbal "notice" to Defendants that he would file a complaint in federal court takes the place of submitting an administrative appeal and exhausting this appeal through the Director's Level of Inmate Appeals. Regardless, Plaintiff failed to demonstrate in his opposition that he exhausted his available administrative remedies concerning Defendants' alleged deliberate indifference to safety needs, as is required by the PLRA. *See* 42 U.S.C. § 1997e(a).

///

Defs.' Reply to Pl.'s Opp'n Defs.' Mot. Dismiss

*Waters v. Cook, et al.,*
C 07-4683 CRB (PR)

2

**B. Remedies Remained Available to Plaintiff Before He Filed Suit Because He Did Not Submit an Appeal Concerning the Allegations of Deliberate Indifference to Safety Needs.**

Defendants argue in their motion to dismiss that Plaintiff exhausted no administrative grievance concerning deliberate indifference to safety as a result of Defendants' failure to recognize his single-cell status. (Defs.' Mot. Dismiss 6.) Plaintiff therefore avoided the PLRA's exhaustion requirement in its entirety by failing to submit and pursue an inmate appeal regarding the allegations in this suit through the Director's Level of review. *See* Cal.Code Regs. tit 15, § 2084.2(a). But this failure was not for lack of familiarity with the appeals process. During the time period at issue, Plaintiff submitted six appeals at Pelican Bay State Prison which were accepted at the Director's Level. (Grannis Decl. ¶ 5.) Five of the submitted appeals were screened out for failure to complete the second level of review. (*Id.* Ex. B.) Plaintiff's one exhausted grievance, appeal no. 07-00872, is unrelated to the claims in this suit, and discussed below. The record shows that Plaintiff did not exhaust any deliberate indifference claim before he filed suit. (Grannis Decl. Ex. A.)

**1. Inmate Appeal No. 07-00872 Is Unrelated to the Claims in Plaintiff's Complaint.**

In their motion to dismiss, Defendants set forth facts demonstrating that Plaintiff exhausted one administrative grievance after March 6, 2006 (the date Plaintiff alleges he was granted single-cell status) and before filing this action. (*Id.* at 4.) Plaintiff grieved in inmate appeal no. 07-00872 that he should receive a magnetic resonance imaging because of an alleged brain injury and subsequent coma that he suffered at age eight or nine. (*Id.*) But appeal no. 07-00872 did not include allegations of deliberate indifference to safety. (*Id.*) Nor did this appeal describe Defendants' failure to recognize Plaintiff's single-cell status or other facts set forth in Plaintiff's complaint. (Compl. 4.)

**2. Inmate Appeal No. 06-00110, Attached to Plaintiff's Complaint, is Unrelated to the Claims in Plaintiff's Complaint.**

Plaintiff attached inmate appeal no. 06-00110 to his complaint. (Compl. Ex. K.) Here, Plaintiff requested single-cell status and does not grieve any facts related to the deliberate

Defs.' Reply to Pl.'s Opp'n Defs.' Mot. Dismiss

*Waters v. Cook, et al.,*
C 07-4683 CRB (PR)

3

1  indifference claims in this suit. (Mot. Dismiss 7.) In fact, this inmate appeal was submitted on
2  November 6, 2005, five months before the events at issue in Plaintiff's complaint. (*Id.*) Further,
3  this inmate appeal was granted at the second level of review, and not exhausted at the Director's
4  Level. (*Id.* at 4.)

## CONCLUSION

Plaintiff failed to (1) submit an inmate appeal alleging deliberate indifference to safety on or after March 6, 2006, the date he claims the prison granted his single-cell status; and (2) exhaust this inmate appeal through the Director's Level before filing this action. Remedies remained available to Plaintiff and he was required to file and submit his grievance to the highest level of review before filing this action. *See Booth v. Churner,* 523 U.S. 731, 736 n.4 (2001). Because Plaintiff failed to exhaust his administrative remedies concerning claims against Defendants for deliberate indifference to safety needs, Defendants respectfully request that their motion to dismiss be granted. *Wyatt v. Terhune,* 315 F.3d 1108, 1119-20 (9th Cir. 2003); *Woodford,* 548 U.S. 81, 84 (2006).

Dated: June 19, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

THOMAS S. PATTERSON
Supervising Deputy Attorney General

*/s/ Lily Korman*

LILY A. KORMAN
Deputy Attorney General
Attorneys for Defendants C. Wilber, F. Jacquez, R. Horel, J. Robertson, D. Melton, M. Cook, C. Patten, R. Bell, and R. Linfor

20115725.wpd SF2008400642

Defs.' Reply to Pl.'s Opp'n Defs.' Mot. Dismiss

*Waters v. Cook, et al.,*
C 07-4683 CRB (PR)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Waters v. Cook, et al.,**

No.:   **C 07-4683 CRB (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>June 19, 2008</u>, I served the attached

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Michael Lynn Waters, P-16171**
**Pelican Bay State Prison**
**P. O. Box 7500**
**Crescent City, CA 95532**
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 19, 2008, at San Francisco, California.

|  |  |
|---|---|
| T. Oakes | /s/ T. Oakes |
| Declarant | Signature |

20118041.wpd