IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL LYNN WATERS,
PLAINTIFF,

V.

A. W. COOK, et al.,
DEFENDANT(S),

NO. C 07-4683 CRB (PR)

FILED
JUL - 7 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

MOTION

PRESENTING THE UNDISPUTED EVIDENCE OF EXHAUSTION OF (ADMINISTRATIVE) REMEDIES FOR THE SECOND LEVEL REVIEW WITH DEFENDANT: C.E. WILBER: THE PBSP APPEALS COORDINATOR: FOR PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT:

PLEASE ACKNOWLEDGE THAT PLAINTIFF- MICHAEL LYNN WATERS STILL IN PRO SE- BRINGS MATERIAL EVIDENCE- PLAINTIFF NOW MOVES THIS COURT TO REVIEW THE PREPONDERANCE OF SUBMITTED EVIDENCE- AND GRANT SUMMARY JUDGMENT IN PLAINTIFF'S FAVOR- THE EXHIBITS PRESENTED FOR THE RECORD WITHOUT ANY NEED FOR A TRIAL. IT IS USED WHEN THERE IS NO DISPUTE AS TO THE FACTS OF THE CASE AND ONE PARTY IS ENNTITLED TO A JUDGMENT AS A MATTER OF LAW:

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)

85 34769

SUPPORTING EXHIBITS
THAT CONCERNED ALL ISSUES:

PLAINTIFF CONTENDS WITH THESE EXHIBITS, HE WAS ACTUALLY BEGGING OFFICIALS AND STAFF FOR HELP.

MEMORANDUM IN SUPPORT OF
HEALTH AND SAFETY

AS APART OF HIS (PLAINTIFF) DISCOVERY CONCERNING HIS SAFETY ISSUES FIRST: SEE (SMITH V. WADE, 461 U.S. 30, 56, 103 S.CT. 1625, 1640, 75 L.Ed. 2d. 632 (1983). A COURT MAY AWARD PUNITIVE DAMAGES "WHEN THE DEFENDANTS CONDUCT IS SHOW TO BE MOTIVATED BY EVIL MOTIVE AND INTENT, OR WHEN IT INVOLVES RECKLESS OR CALLOUS - INDIFFERENCE TO THE FEDERALLY PROTECTED RIGHTS OF OTHERS.

SECOND: SEE (CROWDER V. LASH, 687 F.2d. 996, 1005 (7TH CIR. 1982) AND (WELLMAN V. FAULKNER, 715 F.2d. 269, 275 (7TH CIR. 1983). WHETHER (DEFENDANT(S)) MAY BE HELD PERSONALLY LIABLE FOR PLAINTIFFS DAMAGE, A PLAINTIFF MAY ESTABLISH PERSONAL - RESPONSIBILITY "IF THE OFFICIALS ACTS OR FAILS TO ACT WITH A DELIBERATE OR RECKLESS DISREGARD OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, OR IF THE CONDUCT CAUSING THE CONSTITUTIONAL DEPRIVATION OCCURS AT HIS/HER DIRECTION OR WITH HIS/HER KNOWLEDGE OR CONSENT."

PLAINTIFF FURTHER STATES HERE: HIS EXHIBITS NOW (SHALL) ANSWER THE QUESTIONS OF EXHAUSTION AND WHO KNEW OF ANY COMPLAINTS PRESENTED BY PLAINTIFF CONCERNING THE ISSUES STATED IN DEFENDANT(S) MOTION TO DISMISS?

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)
85 34769

# EXHIBITS INFORMATION

<EXHIBIT- A>

CCII- WILBER STATES: 2ND LEVEL BEING REVIEWED (
+
DO NOT RETURN APPEAL REJECTED (.

<EXHIBIT- B>

ACTUAL APPEAL AT 2ND LEVEL "02489"
WENT TO DIRECTOR'S LEVEL

<EXHIBIT- C>

REJECTION BY CCII- WILBER
602 TO DIRECTOR'S LEVEL STAMPED ATTACHED

<EXHIBIT- D>

NOV 27, 2006 WENT TO "MARTIN OVERSTREET CONDUCTING REVIEW FOR DEPARTMENT OF PERSONNEL ADMINISTRATION.

NOT (1) ONE SINGLE DEFENDANT WAS WILLING TO PICK UP A PHONE AND ASK WARDENS "C. PATTEN + F. JACQUEZ> TO CONFIRM FACTS, DELIBERATE INDIFFERENCE TO PLAINTIFFS SAFETY WITH EVIL INTENT AND MOTIVES:

REASONS FOR GRANTING SUMMARY JUDGMENT

PLAINTIFF CONTENDS THAT NOT ONLY DO YOU HAVE TO FILE THIS FORM (INMATE GRIEVANCE). BUT YOU ALSO NEED TO WAIT FOR A RESPONSE AND APPEAL THAT RESPONSE AS FAR UP AS POSSIBLE.

EXHAUSTION MAY NOT BE REQUIRED IF YOU CAN SHOW THAT YOU WERE UNABLE TO FILE A GRIEVANCE THROUGH NO FAULT OF YOUR OWN SO YOU SHOULD DEFINITELY GO THROUGH THE GRIEVANCE PROCESS UNLESS YOU ARE TRULY UNABLE.

PLAINTIFF IS STILL BEING PUNISHED FOR NOT DOUBLE-CELLING. HOWEVER, NOW THAT THE OFFICIALS HAVE SEEN THE GRANTED 602- I HAVE TO WAIT UNTIL CCI D. WHITE REVIEW IT?

RESPECTFULLY SUBMITTED

7/2/08 — DATED

Michael Lynn Waters — SIGNATURE

I DECLARE THE FOREGOING IS TRUE AND CORRECT UNDER THE PENALTY OF PERJURY AND SIGNED ABOVE.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)

85 34769

# CONCLUSION

RESPECTFULLY SUBMITTED

6/26/08
DATED

MICHAEL LYNN WATERS
PLAINTIFF

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)

85 34769

DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare the following:

I am over 18 years of age, and a party to the within action.

My address is: CORCORAN STATE PRISON
P.O. BOX 3461
CORCORAN, CA 93212

On 6/26/08, I served a copy of the attached MOTION

On the below-named persons by placing a true copy thereof in envelope addressed as follows, with first class postage thereon fully prepaid, and delivering the sealed envelopes, according to the procedures prescribed for sending legal mail, to the proper institutional official for deposit in the United States mail at Corcoran, in the County of Kings, California.

CLERK OF COURT
U.S. DISTRICT COURT
NORTHERN DISTRICT OF
CALIFORNIA 450 GOLDEN GATE
AVE SAN FRANCISCO, CA
94102

DEPUTY ATTORNEY GENERAL
LILY A. KORMAN
455 GOLDEN GATE AVE,
SUITE 11000
SAN FRANCISCO, CA 94102-7004

Executed under penalty of perjury this ______ day of 6/26/08, 200__, at Corcoran, California.

Michael Lynn Watson
DECLARANT

EXHIBIT
"R"

State of California

Department of Corrections and Rehabilitation
CDC Form 695

# INMATE/PAROLEE APPEALS SCREENING FORM

Name: WATERS Number: P16171 Housing: B8 110

## YOUR APPEAL IS BEING REJECTED/CANCELLED AND RETURNED FOR THE FOLLOWING:

Screening Appeals Rejection Criteria:

[ ] 1. The resolution is not within CDC's jurisdiction. See CCR, Title 15, Sections 3084.2(e) and 3084.3(c)(1).

[X] 2. The appeal duplicates the inmates previous appeal. See CCR, Title 15, Section 3084.3(c)(2).

[ ] (a) Your appeal has been screened out on ______ for ______.

[X] (b) Your appeal is being reviewed at the 2ND Level, Log # 02489.

[ ] (c) Your appeal has been completed at the ______ Level, Log # ______.

[ ] 3. The appeal concerns an anticipated action or decision. See CCR, Title 15, Section 3084.3(c)(3).

[ ] 6. The appeal exceeds the 15 working days time limit, and the inmate has failed to offer a credible explanation as to why he could/did not submit the appeal within the time limit. See CCR, Title 15, Sections 3084.2(c), 3084.3(c)(6), and 3084.6(c).

[X] 8. Abuse of the Appeal Process/Right to Appeal.

[ ] (a) Excessive filings. Submission of more than one non-emergency appeal within a seven-calendar-day period is excessive. See CCR, Title 15, Section 3084.4(a).

[ ] (b) Inappropriate statements. The Appeal contains false information, profanity, or obscene language. The appeal is rejected. See CCR, Title 15, Section 3084.4(b).

[ ] (c) Excessive verbiage. Appeal cannot be understood or is obscured by pointless verbiage or voluminous, unrelated documentation. See CCR, Title 15, Section 3084.4(c).

[ ] (1) Only allowed 1 added page, front and back, to describe the problem and action requested in Sections A and B, per CCR, Title 15, Section 3084.2(a)(1).

[ ] (2) Only supporting documentation necessary to clarify appeal shall be attached to the appeal, per CCR, Title 15, Section 3084.2(a)(2).

[ ] (d) Lack of cooperation. Appellant refused to cooperate and/or interview with the reviewer which has resulted in cancellation of the appeal, per CCR, Title 15, Section 3084.4(d).

[ ] (1) Your appeal was screened out and returned to you with instructions:

[ ] [ ] [ ]

[ ] (e) Failed to reasonably demonstrate the decision, action, policy, or condition as having an adverse affect upon the inmate's welfare, per CCR, Title 15, Section 3084.1(a).

[X] (f) This is a request for information. It is not an appeal. Write a note (GA-22, Request For Interview form or CDC-7362, Medical Request form).

[ ] 9. Cannot appeal on behalf of another inmate/person. See CCR, Title 15, Sections 3084.2(d) and 3084.3(c)(7).

[ ] 10. Issue resolved at previous level of Appeal review. See CCR, Title 15, Sections 3084.3(c)(8) and 3084.4(d).

Comments: YOUR LATEST UCC/ICC ACTION IS BEING REVIEWED AT THE 2ND LEVEL

DO NOT RETURN APPEAL REJECTED

C. E. Wilber

C. E. WILBER
Appeals Coordinator

DEC 1 1 2006

Date DEC 2 2 2006

This screening decision may not be appealed unless you can support an argument that the above is inaccurate. In such a case, please return this form to the Appeals Office with the necessary supporting information.

DEC 0 4 2008

PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE

DEC 1 4 2006

# INMATE/PAROLEE APPEALS SCREENING FORM

Name: WATERS Number: P16171 Housing: B8 110

## YOUR APPEAL IS BEING REJECTED/CANCELLED AND RETURNED FOR THE FOLLOWING:

Screening Appeals Rejection Criteria:

[ ] 1. The resolution is not within CDC's jurisdiction. See CCR, Title 15, Sections 3084.2(e) and 3084.3(c)(1).

[X] 2. The appeal duplicates the inmates previous appeal. See CCR, Title 15, Section 3084.3(c)(2).
- [ ] (a) Your appeal has been screened out on ______ for ______.
- [X] (b) Your appeal is being reviewed at the 2ND Level, Log # 02489.
- [ ] (c) Your appeal has been completed at the ______ Level, Log # ______.

[ ] 3. The appeal concerns an anticipated action or decision. See CCR, Title 15, Section 3084.3(c)(3).

[ ] 6. The appeal exceeds the 15 working days time limit, and the inmate has failed to offer a credible explanation as to why he could/did not submit the appeal within the time limit. See CCR, Title 15, Sections 3084.2(c), 3084.3(c)(6), and 3084.6(c).

[X] 8. Abuse of the Appeal Process/Right to Appeal.
- [ ] (a) Excessive filings. Submission of more than one non-emergency appeal within a seven-calendar-day period is excessive. See CCR, Title 15, Section 3084.4(a).
- [ ] (b) Inappropriate statements. The Appeal contains false information, profanity, or obscene language. The appeal is rejected. See CCR, Title 15, Section 3084.4(b).
- [ ] (c) Excessive verbiage. Appeal cannot be understood or is obscured by pointless verbiage or voluminous, unrelated documentation. See CCR, Title 15, Section 3084.4(c).
  - [ ] (1) Only allowed 1 added page, front and back, to describe the problem and action requested in Sections A and B, per CCR, Title 15, Section 3084.2(a)(1).
  - [ ] (2) Only supporting documentation necessary to clarify appeal shall be attached to the appeal, per CCR, Title 15, Section 3084.2(a)(2).
- [ ] (d) Lack of cooperation. Appellant refused to cooperate and/or interview with the reviewer which has resulted in cancellation of the appeal, per CCR, Title 15, Section 3084.4(d).
  - [ ] (1) Your appeal was screened out and returned to you with instructions:
    [ ]  [ ]  [ ]
- [ ] (e) Failed to reasonably demonstrate the decision, action, policy, or condition as having an adverse affect upon the inmate's welfare, per CCR, Title 15, Section 3084.1(a).
- [X] (f) This is a request for information. It is not an appeal. Write a note (GA-22, Request For Interview form or CDC-7362, Medical Request form).

[ ] 9. Cannot appeal on behalf of another inmate/person. See CCR, Title 15, Sections 3084.2(d) and 3084.3(c)(7).

[ ] 10. Issue resolved at previous level of Appeal review. See CCR, Title 15, Sections 3084.3(c)(8) and 3084.4(d).

Comments: YOUR LATEST UCC/ICC ACTION IS BEING REVIEWED AT THE 2ND LEVEL.

C. Wilber
C. E. WILBER
Appeals Coordinator

DEC 26 2006
Date

This screening decision may not be appealed unless you can support an argument that the above is inaccurate. In such a case, please return this form to the Appeals Office with the necessary supporting information.

**PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE**

PBSP (Rev. 11/06) CCR 3084.3(d) PBSP

DEC 19 2006

EXHIBIT
" B "

SEE ATTACHED, COME AN GET ME SIR!

9/7/06

CAPT, SIR

PLEASE, READ my MENTAL HEALTH RECORD,

THEY TOOK ME OUT OF B-6-127 STATING THAT I HAVE NO SINGEL CELL CHRONO AFTER BEING SINGEL CELL FROM 3/6/06 TO 8/16/06 !?

NOW, I'M OVER HERE IN B-8-111? FOR WHAT SIR? WITH NO 115? I'VE NEVER REFUSED A CELLIE IN MY LIFE!

BUT, I WAS GIVEN A SINGEL CELL CHRONO FOR THIS STATED ON RECORD, THAT NO-ONE WILL LOOK AT!

THE INMATES DON'T WANT TO LIVE WITH ME, I'M NOT GOING TO KEEP TELLING EVERYONE WHAT MY ISSUES ARE!! A CELLIE WOULD BE A BIG PROBLEM FOR ME + HIMSELF. AM I DOING RIGHT?

MICHAEL LYNN WATERS
#P-16171 B-8-111

IF ANYONE READS THIS BEFORE OR BESIDE THE (CAPT) HIMSELF. YOUR NOSEY!!!

DUPLICATE

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region
1. PBSP.
2.

Log No.
1. Combined w/ Log # B06-02489
2.

Category

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| MICHAEL WATERS | P-16171 | NONE | B-8-110 |

A. Describe Problem: SIR, DUE TO YOUR MISTAKE? OR IF NOT, YOUR RECKLESS AND EVILNESS, KNOWING THAT ALL PELICAN BAY OFFICIALS AS OF SPEAKING OF CAPTAIN-FOSS, C/O KUNZ, UCC MEMBERS ONLY, ON 3-6-06, BUT, YOU HAVE 3-8-06, THAT I WAS CLEARED FOR DOUBLE CELL? YES SIR, YOUR EVILNESS WILL NOT ALLOW YOU TO REMEMBER THAT, DUE TO MY CAN'T STOP PUTTING MY HANDS ON MY (PRIVATE PARTS) WARDEN PATTEN MADE ME (SINGEL-CELL), YOUR NAME IS ALSO ON MAKING ME A-1-A IN EOP UNDER THE "S"-SUFFIX! SIR! I'M BEING PUNISHED WITHOUT ANY (CDC-115)

If you need more space, attach one additional sheet. SEE (ATTACHED)

B. Action Requested: TO REVIEW MY (MENTAL HEALTH) DIAGNOSIS, (2-19-22-2006) IF I'M ONLY AN INMATE WHO CAN'T (MAKE) ANOTHER INMATE CELLIE-UP WITH HIM DUE TO MY PROBLEMS, YOU FIX THIS MESS, GIVE ME EVERYTHING BACK, SINGEL-CELL $500.00 A-DAY-FROM-8-16-06) $500,000) IF I CAN'T FIND A CELLIE, (MY R+R) STORE!

Inmate/Parolee Signature: Michael Lynn Waters Date Submitted: 9-23-06

C. INFORMAL LEVEL (Date Received: 9/27/06)

Staff Response: Denied: your current housing is determined by Fac B, UCC and ICC committees based on your case factors. I have no authority in this matter, I do not have authority to grant you $500,000.

Staff Signature: CCII(a) Kasbohm Date Returned to Inmate: 9-27-06

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

I SENT THIS TO CCII-LINFOR WHO MADE THIS MISTAKE! WHO IS THIS PERSON? MY (602) WENT TO CCII-LINFOR, WHO DID RECORD THE ICC STATED ON 3-8-06, WHERE HE FORGOT THE CELL STATUS GIVEN BY WARDEN-PATTEN

Signature: Michael Waters Date Submitted: 9-28-06

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

combined w/ # 06-02489

First Level ☐ Granted ☐ P. Granted ☒ Denied ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: Due Date:

Interviewed by: see attached

Staff Signature: [signature] Title: [illegible] Date Completed: 10/24/06

Division Head Approved Signature: [signature] Title: AWGP Returned Date to Inmate: 10-31-06

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

I'M BEING DENIED TO INTERVIEW WITNESSES/ THE U.S. SUPREME CAURT STATES THAT, WITHOUT DUE PROCESS OF LAW, MY CONSTITUTIONAL RIGHT'S ARE BEING VIOLATED? EVEN AT (PBSP) EVERYONE HAS TO FOLLOW THE RULES OF THIS STATE AND UNITED STATES/?

Signature: Michael Lynn Waters Date Submitted: 11/2/06

Second Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: Due Date:

☐ See Attached Letter

Signature: Date Completed:

Warden/Superintendent Signature: Date Returned to Inmate:

COMBINED

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: Date Submitted:

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other

☐ See Attached Letter

Date:

CDC 602 (12/87)

# FIRST LEVEL APPEAL RESPONSE

**RE:** PELICAN BAY STATE PRISON
Appeal Log PBSP-B06-02489
First Level Reviewer's Response

**Inmate:** WATERS, P-16171

**APPEAL DECISION:** DENIED

**ACTION REQUESTED:** (MODIFIED)

You are requesting single cell status. You also want $ 500,000 due to the "evil motive, intent reckless or callous indifference to constitutional rights of others."

**APPEAL ISSUE:**

You claim you should be on single cell status. You feel you have been removed from single cell status illegally.

**APPEAL RESPONSE:**

A thorough review of your appeal has been completed. Your allegations and requested actions have been given careful consideration. You were interviewed by S. Walch, Correctional Counselor II (CCII) on October 25, 2006. You reviewed your appeal and verified it was true and correct.

You stated you should be single celled and you should have never been removed from single cell status. You went on to say that the "bottom line on all this is that you want to be single celled." You also stated this appeal would "disappear" if you were placed on single cell status. You stated you cannot keep your hands off your privates, and you masturbate constantly throughout the day. This has caused problems with your cellies in the past. A review of this appeal shows you were interviewed by CCII Kasbohm on September 27, 2006, and by Sergeant Johnston on September 15, 2006, regarding this same issue. Both individuals denied this appeal on the informal level.

A review of your Central File shows you have a history of asking for single cell status. You appeared before PBSP, EOP ICC on March 8, 2006,. The CDC 128G from that Committee states you are cleared for double ceiling in the General Population setting. A review of your CDC 812 (nonconfidential enemy list) and your 812 C (confidential enemy list) show you have no enemies at PBSP.

Mr. R. Jackson, MSW, was interviewed on October 25, 2006. He is familiar with your mental health history and issues. Mr. Jackson state there was no reason for you to be single celled. He has written a 128C dated October 5, 2006. This 128C states, in part, that he finds "insufficient information to support single cell status for this inmate based on his mental health needs."

**DETERMINATION OF ISSUE:**

Based on the above information your appeal is **DENIED** at the first level review. There is no legitimate reason for you to be single celled or to be paid $ 500.00.

[signature] 10/24/06
M. FOSS — Date
Facility Captain
Facility B

[signature] 10-27-06
M. A. Cook — Date
Associate Warden
General Population



APPEALS FILE

**FIRST LEVEL APPEAL RESPONSE**

DATE: March 3, 2006
APPEAL NUMBER: PBSP-A06-00110
INMATE: WATERS, P-16171
APPEAL DECISION: GRANTED

APPEAL ISSUE (MODIFIED):

You are requesting to be single celled and to have that based on your mental health issues.

FINDINGS:

D. Swearingen, Correctional Counselor II (CCII), was assigned to investigate your complaint as the First Level Reviewer. A review of your appeal, attachments, and prior staff responses has been completed. During the course of the investigation, the following information was noted:

An investigation of your complaint revealed you went from Building A6-218 to the Infirmary, on February 19, 2006, into a "Crisis Bed." You received a basic cell move on February 28, 2006, to B1-115 (PSU). You went to ICC committee on February 28, 2006, and were made single cell status. In your 602, you requested Lt. Terry, Facility A Lieutenant, to do the single cell review. This now appears to be a moot issue, as you are no longer on Facility A and you are currently single cell status in PSU. Your mental health issues are being addressed and the issues addressed in your 602 are currently in place.

DETERMINATION OF ISSUE:

A thorough review of the allegation presented in this complaint has been completed. Based on the above, your appeal is Granted at the First Level of Review.

M. A. SMELOSKY
Facility Captain, Facility A

FRANCISCO JACQUEZ
Associate Warden, General Population

State Of California

Department of Corrections
CDC 128G

No: **P 16171** Name: **WATERS, Michael** Housing: **B1 115**
Cust: **CLOB** CS: **89**(IV-ASU) WG/PG: **A2/B**(3-30-05) Assign: **EOP Level IV**
Rel Date: **MEPD 3-29-17** Reclass: **3-29-06**(30 ASU) **12-20-06**(Ann) Action: **Auth Rel To PBSP IV GP EOP @ Bed Avail Reaff Cust, (OK D/C In GP), WG/PG A2/B**

S appeared before Pelican Bay State Prison (PBSP) Facility B, Psychiatric Services Unit (PSU), Institution Classification Committee (ICC) for Initial Administrative Segregation Unit (ASU) Review. Prior to committee Correctional Counselor II (CCII), S. O'Dell was assigned as Staff Assistant and was present during committee. Committee effectively communicated with the S by use of simple English. Committee notes CDC Form 128-C, Medical/Madrid Chrono, dated 3-8-06 indicating Enhanced Outpatient Program (EOP) Level Of Care (LOC) and the S does meet the court ordered criteria for exclusion from PBSP Security Housing Unit (SHU). S was in PBSP Level IV General Population (GP) A-6 and has often refused to be double celled. S was moved to the infirmary 2-19-06, and to PBSP PSU on ASU status on 2-28-06, awaiting bed space in GP EOP. S need for EOP LOC supports PSU for EOP LOC pending GP Bed space. Prior to committee S was issued a copy of his CDC Form 114-D, Order and Hearing for Placement in Segregated Housing with no Investigative Employee assigned, as the issues are not complex and S did not reasonably request witnesses. Note Medical General Chrono CDC 128-B dated 10-11-05 which clears S for Double celling in GP. Note UCC action of 12-22-05 which clears S for double cell in GP.

**Committee acts to: Authorize Release To PBSP IV GP EOP, at Bed Availability; reaffirm custody as CLOB, cleared for double celling in GP; reaffirm Work and Privilege Group (WG/PG) as A2/B effective 3-30-05. This is a non-adverse transfer, and upon transfer S's Custody and Work/Privilege Group (WG/PG) shall be CLOB, A1/A.**

This action was with the recommendation and agreement of clinical mental health care staff in order to enhance S's mental health care needs. The Staff Mental Health Clinician, who was a participant in this committee, confirmed the S's LOC to be EOP. The Staff Mental Health Clinician indicated S has a high degree of participation in the Mental Health Program. The Staff Mental Health Clinician determined the S is capable of understanding and participating in the classification hearing. The Clinician recommended to the committee chairperson, the S should continue EOP LOC.

Case factors may be reviewed in CDC Form 128-G, Classification Chrono dated 1-11-05. S is not foreign born. There are no holds, escapes, arsons, or sex offenses noted. Disciplinary history includes last CDC form 115, Rule Violation Report (RVR) dated 12-19-04 for disrespect, with prior RVRs for threat to inmate, delaying a Peace Officer (P/O), disobeying orders, work failures, possession of weapon, disruptive, and falsifying documents. S has served two Security Housing Unit (SHU) Terms (S/Ts) with last Minimum Eligible Release Date (MERD) expiring 9-4-04. S is NDD per CDC Form 128-C2, Clark Medical Chrono dated 6-23-03. S is continually being evaluated for health care services per the Clark Decision, by his assigned clinician. TB Code is 22 per CDC Form 128-C, dated 4-5-05. Education level is noted as Reading Grade Point Level (RGPL) of 7.5. CDC Form 812, Notice Of Critical Case Information-Safety Of Persons does reflect enemies, but none at PBSP, and gang/TIP association of Bloods. S's confidential portion of his C-File is clear. County of Last Legal Residence (CLLR) is Los Angeles (LA), but S was also a then recent resident of Louisiana. S is ineligible for CCRC, CCF, MSF, Camp, SAP/SATF or Restitution Center placements due to his current Psychiatric concerns, and representing an unacceptable risk to the community. Restitution is required. Registration/Notification is required for Penal Code (PC) 3058.6, PC 296 (Blood & Saliva). S meets the criteria for 180 degree designed facility based on SHU/PSU placement within the last three years.

S's appeal rights were explained and the S acknowledged understanding of committee's actions and agrees with the action. S is advised that any appeal of the Committee action must be submitted to PBSP Appeals Office within 15 working days of date of committee, whether S has received his copy of CDC Form 128-G, Classification Chrono or not. Penal Code (PC) 2930 and PC 2934 complied with.

Com. Memb: ____________________

Chair: F. Jacquez, CDW(A) C. Patten, A/W(A) Recorder: R. A. Linfor, CCII Clinician: V. Cappello, LCSW

Dist: ☒ C-File (Original) ☒ Inmate ☒ CCII ☐ OBIS ☐ CSR ☐ IGI ☐ PSYCH ☐ MED ☐ C&PR ☐ OTHER

Date: **3-8-06** Classification Chrono **Initial ASU PSU Review** PBSP Fac. B PSU

RAL PSU Disk # 35 (P16171a.Doc)

Melton

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDC 128G (Rev. 12/91)

**NO: P-16171** **NAME: WATERS, Michael** **Housing: B8-110**
Custody: CLO B CS: 89 (IV) C/C Eff. 09/21/06 Assignment: VUN
RelDate: MEPD 03/29/2017 Reclass: 10/25/06

**Action: PLACE IN BMU PROGRAM FOR 90 DAYS. PLACE ON STEP 1 OF ITP FOR 30 DAYS. ESTABLISH C/C EFFECTIVE 09/21/06. REMOVE FROM JOB ASSIGNMENT. REMOVE DUA WL.**

Inmate Waters appeared before PBSP FAC B BMU UCC on this date for Initial Review. Committee notes CDC 128C, Mental Health Screening chrono, dated 06/15/06, denoting CCCMS level of care. DDP Review: 128C-2 in Central File. Prior to Committee, Correctional Counselor I Webster was assigned as staff assistant and was present during Committee. The staff assistant was assigned for the following reason: CCCMS level of care. Committee notes S has an RGPL of 7.5. Effective communication was achieved using short sentences and simple English, and S appeared to understand. Grooming standards and PBSP expectations were discussed and S stated he was willing to comply. Committee notes S's reason for Behavior Modification Unit (BMU) placement is due to: S was deemed a program failure defined by the CCR, Title 15, Section 3000 by ICC. S is determined to be compatible with another inmate and refuses to voluntarily double cell, or refuses to participate in the racial integration policy as defined in the Johnson v. State of California settlement agreement. The Director's rules, PBSP expectations, and specific privileges and non-privileges of WG/PG C/C were thoroughly explained. Placement score is a current Level IV score of 89 points. Mandatory score of 19 is noted for VIO suffix. S was advised to notify staff immediately of any enemy situation which may arise. Committee noted S has no cellmate, and the "S" suffix has not previously been applied. S is approved for 180 design facilities. S meets 180 Design Level IV criteria due to Code A1 (SHU placement during the last three years). **Committee acts to place S into the BMU program for 90 days and pace on step # 1 of Individual Treatment Plan (ITP) for 30 days. S advised of his ITP which includes the basic requirement that he remain disciplinary free for 90 days prior to any consideration for his release from BMU and his completion of the selected behavior modification assignments. Establish WG/PG C/C status effective 09/21/06. Remove from current assignment (Voluntarily unassigned) and DUA waiting list, and continue at CLO B custody. S was reviewed and cleared for double celling noting no history of in-cell violence.** S participated, acknowledged understanding, and disagreed with Committee action, stating "I never did tell UCC that I would not take a cellie. I'm not refusing a cellie, but if I go into the cell there is probably going to be a problem." UCC stated there is no documentation to substantiate single cell status. S continued stating "Put your John Hancock on it and then I will do what you say." S is eligible to work around computers, computer systems, or be in areas that may have access to personal information per PC 2702, PC 502, or PC 5071. PC 2933 and 2930 complied with. S was advised of Committee's decision and his right to appeal. The inmate has been advised that any appeal of this committee action must be submitted within 15 working days of this date, whether he has received the CDC form 128-G classification chrono or not. Next scheduled Committee will be on 10/25/06 for Program Review. BPH DOC # 1 Hearing scheduled in 03/2013.

D Melton CCI

**CHAIRPERSON: M. FOSS/FC** **J. ROBERTSON/CCII** **S. ROBERTS/EDUCATION** **RECORDER: D. MELTON /CCI**

☐**OBIS** ☐**CSR** ☐**IGI** ☐**PSYCH** ☐**MED** ☐ **OTHER**

Committee Date: 09/21/06 **(MELTON/ew)** Classification **FAC-B BMU UCC** **INITIAL REVIEW** Inst: **PBSP**

**NAME: WATERS CDC #: P-16171 HOUSING B8-110L PBSP 128-C**

I have met with the above named inmate and reviewed his mental health record and Central File. I have also discussed the case with the Senior Psychologist on Facility B. I find insufficient information to support single cell status for this inmate based on his mental health needs.

**Original:** Central File
**cc:** CCI
AWC-B File
Health Record

[signature] 10/25/06
H. JACKSON
MSW
Facility B

**DATE: 10/05/06 NAME: WATERS CDC #: P-16171 HOUSING: B8-110L PBSP PSYCHIATRIC**

| PELICAN BAY STATE PRISON |
|---|
| SECOND LEVEL REVIEW |

DATE: DEC 1 2 2006

Inmate WATERS, P-16171
Pelican Bay State Prison
Facility B, General Population
Building 8, Cell 110

RE: WARDEN'S LEVEL DECISION
APPEAL LOG NO. PBSP-B-06-02489

APPEAL: DENIED
ISSUE: CUSTODY/CLASS

This matter was reviewed by ROBERT A. HOREL, Warden, at Pelican Bay State Prison (PBSP). S. Walch, Correctional Counselor II (A), interviewed the inmate on October 25, 2006, at the First Level of Appeal Review.

ISSUES

Inmate Waters requests to be housed in accordance with his single cell designation and seeks financial compensation.

FINDINGS

I

The inmate alleges staff continually refuses to acknowledge his single cell designation and refers to a prior Appeal Log # PBSP-A06-00110 as substantiation that he has been cleared for single-celling by an Institution Classification Committee (ICC) on February 28, 2006, due to his mental health needs.

II

However, an additional review was conducted of the inmate's Central File at the Second Level of Review at which time it was determined that an ICC action did not occur on February 28, 2006. The inmate was actually placed in the Psychiatric Services Unit (PSU) on this date and housed single celled like all inmates in this program. He subsequently appeared before an ICC on March 8, 2006, at which time he was cleared for release from the PSU and designated as eligible for double-celling. A subsequent committee confirmed the inmate's eligibility for double-celling on September 21, 2006.

III

The California Code of Regulations, Title 15, Section 3377.1 (c), states an 'S' suffix may be affixed by a classification committee to the inmate's custody designation to alert staff of an inmate's need for single cell housing. The committee's decision shall be based on documented evidence that an inmate may not be safely housed in a double cell and based on a recommendation by custody staff or a health care clinician.

DETERMINATION OF ISSUE

The inmate stated during the appeal interview that he needs to be single celled as he has problems with cellmates due to his frequent masturbation which he claims is uncontrollable. However a CDC 128-C, Medical Chrono dated October 5, 2006, does not support the inmate's claim as it states there is insufficient

information to support single cell status based on mental health needs. As a result, a determination has been made that the inmate is appropriately designated as eligible for double celling; therefore, the APPEAL IS DENIED. Additionally, financial compensation is not within the scope of the appeals process.

MODIFICATION ORDER

No modification of this action or decision is required.

ROBERT A. HOREL
Warden
Pelican Bay State Prison

BDS #48 11-27-06

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region 1. PBSP 2.
Log No. B06-02489 2.
Category 2/9 DISPUTING ICC DECISION TO DOUBLE CEL

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

B8-110

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| MICHAEL WATERS | R16171 | NONE | B-8-110 |

A. Describe Problem: I HAVE BEEN TRYING TO SHOW YOUR OFFICE/KUNZ THAT MY SINGLE CELL CHRONO IS MEDICAL MENTAL HEALTH ISSUES, I DON'T HAVE TO SHOW THESE WOMEN ANYTHING LIKE THIS, EVERYONE HAS OVER RULED MY GRANTED 602, INWHICH I'M NOW FILING A LAW-SUIT ON C/O KUNZ, SAY STATED THAT I HAVE NOTHING BUT BULL-CRAP, BY A CAPT, WARDEN AND CCII, NO-ONE, MAINLY A C/O CAN OVER RULE A MENTAL HEALTH DOCTOR NOT YOUR DO WHATEVER SHE WANT'S C/O KUNZ.

If you need more space, attach one additional sheet.

B. Action Requested: THAT, IF MY 602, OR MENTAL HEALTH ISSUES WOULD HAVE/OR COULD HAVE CAUSE ME OR OTHER INMATE INJURY. C/O KUNZ IS TO PAY $500,000 DOLLARS, EVIL MOTIVE, INTENT, RECKLESS OR CALLOUS INDIFFERENCE TO CONSTITUTIONAL RIGHTS OF OTHERS (MASON COUNTY, 927 F. 2d 1473, 1485,

Inmate/Parolee Signature: Michael Lynn Waters Date Submitted: 9/7/06

C. INFORMAL LEVEL (Date Received: 9/15/06)

Staff Response: ACTION REQUESTED: DENIED, your claim that you have single cell housing status has been investigated by myself and your assigned correctional counselor on two previous occasions. Per classification committee action on 3/8/06 (128G), you were cleared for double celling in general population, therefore you are appropriately housed.

Staff Signature: D. Johnston, SGT. FACILITY B [signature] Date Returned to Inmate: 9/15/06

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

MY WITNESSES ARE WARDEN, JACQUEZ, CAPT- M.A. SMELOSKY, CCII SWEARINGEN, IF THE (602) LOG-NO: A06-0010 WAS GRANTED ON 3/6/06 WHEN I WENT TO ICC, ~~HOW~~ HOW CAN I become DOUBLE-CELL ON 3/8/06.? THE SGT HAS OVER RULED A MENTAL HEALTH DOCTOR FOR A C/O!

Signature: Michael Lynn Waters Date Submitted: 9-15-06

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

NOV 0 3 2006
2ND APPEALS

SEP 2 9 2006
1ST AIN-GP

First Level ☐ Granted ☐ P. Granted ☒ Denied ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 9-29-06 Due Date: 11-14-06

Interviewed by: S. Walch, CCII, on 10/25/06. There is no legitimate reason for single cell

Staff Signature: S. Walch Title: CCII Date Completed: 10/25/06

Division Head Approved: Signature: [signature] Title: AWGP Returned Date to Inmate: 10-31-06

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

SOMEONE TOOK THE NOTE OFF THAT CCII SWEARINGEN HAD ATTACHED BECAUSE YOU CAN SEE IT WAS WROTE IN RED INK ON THE BACK OF MY REQUEST/ ANYWAY, I'M BEING DENIED WITNESSES TO MY FACTS, AS I SHALL PROVE MY FACTS/ WHERE IS THE OFFICIALS FACTS.?

Signature: Michael Lynn Waters Date Submitted: 11/2/06

Second Level ☐ Granted ☐ P. Granted ☒ Denied ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 11-03-06 Due Date: 12-06-06

☒ See Attached Letter

Signature: B. Samples, CCII Date Completed: 11-27-06

Warden/Superintendent Signature: [signature] Date Returned to Inmate: 12/27/06

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

THE (FACTS) ARE STILL WRONG AND THESE OFFICIALS KNOW IT) THE (ICC) ACTION IS WRONG! (3-8-06) WAS THE (602) DUE DATE! AGAIN (WHY IS IT SO HARD TO REVIEW THE (PSU) LOG BOOK ON (3-6-06) IN (B-1-115)? AND THE ESCORTING OFFICERS? ALSO, IF I HAVE A (HISTORY) OF ASKING FOR (SINGLE-CELL) WHY IS IT THAT (NOTHING) IS SPOKEN HERE? (AS I WAS PLACED IN (EOP)?

Signature: Michael Lynn Waters Date Submitted: 12/28/06

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other

☐ See Attached Letter

Date:

CDC 602 (12/87)

EXHIBIT

C

State of California

Department of Corrections and Rehabilitation
CDC Form 695

# INMATE/PAROLEE DISCIPLINARY APPEALS SCREENING FORM

Name: WATERS PBSP Log #: ____

Number: P16171 Housing: B8 110

**YOUR APPEAL IS BEING REJECTED/CANCELLED AND RETURNED FOR THE FOLLOWING:**

Screening Appeals Rejection Criteria:

[ ] 1. The resolution is not within CDC's jurisdiction. See CCR, Title 15, Sections 3084.2(e) and 3084.3(c)(1).

[ ] 2. The appeal duplicates the inmates previous appeal. See CCR, Title 15, Section 3084.3(c)(2).
- [ ] (a) Your appeal has been screened out on ____ for ____.
- [ ] (b) Your appeal is being reviewed at the ____ Level, Log # ____.
- [ ] (c) Your appeal has been completed at the ____ Level, Log # ____.

[ ] 3. The appeal concerns an anticipated action or decision. See CCR, Title 15, Section 3084.3(c)(3).

[X] 6. The appeal exceeds the 15 working days time limit, and the inmate has failed to offer a credible explanation as to why he could/did not submit the appeal within the time limit. See CCR, Title 15, Sections 3084.2(c), 3084.3(c)(6), and 3084.6(c).

[ ] 8. Abuse of the Appeal Process/Right to Appeal.
- [ ] (a) Excessive filings. Submission of more than one non-emergency appeal within a seven-calendar-day period is excessive. See CCR, Title 15, Section 3084.4(a).
- [ ] (b) Inappropriate statements. The Appeal contains false information, profanity, or obscene language. The appeal is rejected. See CCR, Title 15, Section 3084.4(b).
- [ ] (c) Excessive verbiage. Appeal cannot be understood or is obscured by pointless verbiage or voluminous, unrelated documentation. See CCR, Title 15, Section 3084.4(c).
  - [ ] (1) Only allowed 1 added page, front and back, to describe the problem and action requested in Sections A and B, per CCR, Title 15, Section 3084.2(a)(1).
  - [ ] (2) Only supporting documentation necessary to clarify appeal shall be attached to the appeal, per CCR, Title 15, Section 3084.2(a)(2).
- [ ] (d) Lack of cooperation. Appellant refused to cooperate and/or interview with the reviewer which has resulted in cancellation of the appeal, per CCR, Title 15, Section 3084.4(d).
  - [ ] (1) Your appeal was screened out and returned to you with instructions:
    [ ] [ ] [ ]
- [ ] (e) Failed to reasonably demonstrate the decision, action, policy, or condition as having an adverse affect upon the inmate's welfare, per CCR, Title 15, Section 3084.1(a).
- [ ] (f) This is a request for information. It is not an appeal. Write a note (GA-22, Request For Interview form or CDC-7362, Medical Request form).

[ ] 9. Cannot appeal on behalf of another inmate/person. See CCR, Title 15, Sections 3084.2(d) and 3084.3(c)(7).

[ ] 10. Issue resolved at previous level of Appeal review. See CCR, Title 15, Sections 3084.3(c)(8) and 3084.4(d).

Comments: TIME IS LONG GONE. SEE YOUR COUNSELOR TO REVIEW CASE FACTORS THAT HAVE CHANGED SINCE 3-3-06.

[signature]
J. E. WILBER
Appeals Coordinator

10/24/06
Date

This screening decision may not be appealed unless you can support an argument that the above is inaccurate. In such a case, please return this form to the Appeals Office with the necessary supporting information.

**PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE**

PBSP (Rev. 10/06) CCR 3084.3(d) PBSP

State of California

Department of Corrections and Rehabilitation
CDC Form 695

# INMATE/PAROLEE APPEALS SCREENING FORM

Name: WATERS Number: P16171 Housing: B8 110

## YOUR APPEAL IS BEING REJECTED/CANCELLED AND RETURNED FOR THE FOLLOWING:

Screening Appeals Rejection Criteria:

[ ] 1. The resolution is not within CDC's jurisdiction. See CCR, Title 15, Sections 3084.2(e) and 3084.3(c)(1).

[X] 2. The appeal duplicates the inmates previous appeal. See CCR, Title 15, Section 3084.3(c)(2).
- [ ] (a) Your appeal has been screened out on ______ for ______.
- [ ] (b) Your appeal is being reviewed at the ______ Level, Log # ______.
- [X] (c) Your appeal has been completed at the INFORMAL Level, Log # N/A 4-21-06

[ ] 3. The appeal concerns an anticipated action or decision. See CCR, Title 15, Section 3084.3(c)(3).

[X] 6. The appeal exceeds the 15 working days time limit, and the inmate has failed to offer a credible explanation as to why he could/did not submit the appeal within the time limit. See CCR, Title 15, Sections 3084.2(c), 3084.3(c)(6), and 3084.6(c).

[X] 8. Abuse of the Appeal Process/Right to Appeal.
- [ ] (a) Excessive filings. Submission of more than one non-emergency appeal within a seven-calendar-day period is excessive. See CCR, Title 15, Section 3084.4(a).
- [ ] (b) Inappropriate statements. The Appeal contains false information, profanity, or obscene language. The appeal is rejected. See CCR, Title 15, Section 3084.4(b).
- [X] (c) Excessive verbiage. Appeal cannot be understood or is obscured by pointless verbiage or voluminous, unrelated documentation. See CCR, Title 15, Section 3084.4(c).
  - [X] (1) Only allowed 1 added page, front and back, to describe the problem and action requested in Sections A and B, per CCR, Title 15, Section 3084.2(a)(1).
  - [X] (2) Only supporting documentation necessary to clarify appeal shall be attached to the appeal, per CCR, Title 15, Section 3084.2(a)(2).
- [ ] (d) Lack of cooperation. Appellant refused to cooperate and/or interview with the reviewer which has resulted in cancellation of the appeal, per CCR, Title 15, Section 3084.4(d).
  - [ ] (1) Your appeal was screened out and returned to you with instructions:
    [ ] [ ] [ ]
- [ ] (e) Failed to reasonably demonstrate the decision, action, policy, or condition as having an adverse affect upon the inmate's welfare, per CCR, Title 15, Section 3084.1(a).
- [ ] (f) This is a request for information. It is not an appeal. Write a note (GA-22, Request For Interview form or CDC-7362, Medical Request form).

[ ] 9. Cannot appeal on behalf of another inmate/person. See CCR, Title 15, Sections 3084.2(d) and 3084.3(c)(7).

[ ] 10. Issue resolved at previous level of Appeal review. See CCR, Title 15, Sections 3084.3(c)(8) and 3084.4(d).

Comments: IF I AM INCORRECT ABOUT THE TOP TWO REASONS FOR DENIAL, RE-SUBMIT CDC FORM 602 WITH ONE (1) ADDITIONAL PAGE ONLY. IT APPEARS, HOWEVER, THAT YOU ALREADY FILED AN APPEAL ON THIS ISSUE AND TIME CONSTRAINTS HAVE EXPIRED.

C. Wilber

C. E. WILBER
Appeals Coordinator

DEC 11 2006
Date

This screening decision may not be appealed unless you can support an argument that the above is inaccurate. In such a case, please return this form to the Appeals Office with the necessary supporting information.

PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE

DEC 04 2006

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region: 1. PBSP 2. ______
Log No. 1. ______ 2. ______
Category: 2/5 DOUBLE CELL CONSIDERATION

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Waters, M. | P16171 | | B8-110L |

A. Describe Problem: ESTELLE, 429 U.S. AT 103-104, 97 S.CT. AT 290, IN (YOUNGBERG V. ROMEO, 457 U.S. 307, 102 S.CT. 2452, 73 L.Ed. 2d 28 (1982) THE COURT EXTENDED ESTELLE TO IMPOSE A DUTY UPON THE STATE TO PROVIDE INVOLUNTARILY COMMITTED MENTAL PATIENTS SUCH SERVICES AS ARE NECESSARY TO INSURE THEIR REASONABLE SAFETY, FROM OTHERS. DESHANEY by FIRST V. WINNEBAGO COUNTY DEPT. OF SOCIAL SERVICES, 489 U.S. 189, 199, 109 S.CT. 998, 1005, 103 L.Ed. 2d 249 (1989). WHEN I WAS TAKEN TO UCC TODAY, CAPT. FOSS ASKED ME AFTER SEEING MY PAPER WORK, YOU DON'T HAVE A SINGEL-CELL, AND HOW DID YOU GET SEE (ATTACHED PAGE)

If you need more space, attach one additional sheet.

B. Action Requested: $500,000 DOLLARS IF I'M HURT OR HURT SOMEONE DUE TO NOT TELLING ANYONE THAT I WAS MADE SINGEL-CELL, IF SOMEONE WOULD CELLIE-UP WITH ME LIKE THIS, ($500,00) DOLLARS FROM 8-16-06 - ON THAT I'M OUT OF G.P. NO-115'S OR REFUSAL,

Inmate/Parolee Signature: Michael L. Waters    Date Submitted: 9-21-06

C. INFORMAL LEVEL (Date Received: ______)

Staff Response: ______

RECEIVED OCT 30 2006 INMATE APPEALS BRANCH

Staff Signature: ______    Date Returned to Inmate: ______

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: ______    Date Submitted: ______

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

SEP 26 2006

17

First Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ______

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: ______ Due Date: ______

Interviewed by: ______

Staff Signature: ______ Title: ______ Date Completed: ______

Division Head Approved: Returned

Signature: ______ Title: ______ Date to Inmate: ______

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Signature: ______ Date Submitted: ______

Second Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ______

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: ______ Due Date: ______

☐ See Attached Letter

Signature: ______ Date Completed: ______

Warden/Superintendent Signature: ______ Date Returned to Inmate: ______

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: ______ Date Submitted: ______

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ______

☐ See Attached Letter

Date: ______

CDC 602 (12/87)

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region PBSP

1. ______ 2. ______

Log No. 1. ______ 2. ______

Category 9/1
DISPUTING D/C UCC 10-25-06

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| MICHAEL LYNN WATERS | P-16171 | NONE | B-8-110 |

A. Describe Problem: EMERGENCY-602/CITIZENS-COMPLAINT/AMERICAN DISABILITIES ACT. THE OFFICIALS ARE GOING TO GET ME KILLED HERE, CLEARLY MY MENTAL HEALTH RECORDS STATE THIS (EXCESSIVE MASTURBATION) ISSUE AND 6-COUNTING. WITHOUT ANY CDC-115, I'M BEING PUNISHED FOR NOT DOUBLE-CELLING, NO-INMATES WANTS TO LIVE WITH ME, TODAY 10/25/06, CAPTAIN BELL, UCC, TOLD THE OFFICER TO COME AROUND TO MAKE US DOUBLE-CELL WITH OTHER INMATES IN BMU ONLY, ALSO IN UCC AS I STATED MY PROBLEM ABOUT NO-INMATES WANT TO DOUBLE-CELL WITH ME, CAPTAIN BELL STATED (OH, YOUR ADVERTIZING IT)! AS I STATED TO HIM (NO) BUT I WILL NOT

If you need more space, attach one additional sheet. SEE (ATTACHED-PAGE)

B. Action Requested: THAT SOMEONE HAVE (WARDEN-F. JACQUEZ / WARDEN-PATTEN / OR THE (TWO) OFFICERS IN PSU B-1-115 WHO TOOK ME TO ICC ON 3-6-06-NOT 3-8-06/ TO ALLOW ONE OF THESE FOUR PEOPLE TO (LOOK) AT ME. (I WAS MADE SINGLE-CELL ON 3/6/06 ICC! (1, MILLION DOLLARS TO LAVORA WATERS IF I'M KILLED OR HURT!

Inmate/Parolee Signature: Michael Lynn Waters Date Submitted: 10/25/06

RECEIVED NOV - 6 2006 INMATE APPEALS BRANCH A2 3

C. INFORMAL LEVEL (Date Received: ______ )

Staff Response: ______

Staff Signature: ______ Date Returned to Inmate: ______

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: ______ Date Submitted: ______

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

OCT 26 2006

17

First Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ____________

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: ____________ Due Date: ____________

Interviewed by: ____________

Staff Signature: ____________ Title: ____________ Date Completed: ____________

Division Head Approved: Returned

Signature: ____________ Title: ____________ Date to Inmate: ____________

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Signature: ____________ Date Submitted: ____________

Second Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ____________

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: ____________ Due Date: ____________

☐ See Attached Letter

Signature: ____________ Date Completed: ____________

Warden/Superintendent Signature: ____________ Date Returned to Inmate: ____________

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

I FEEL THAT MY REQUEST SHOULD BE GIVEN, ALSO, HOW IS IT POSSIBLE FOR ME TO BE BREAKING ANY RULES WITHOUT ANY CDC-115'S? ANYONE IN OR HAS BEEN WORKING/PRISONER KNOW THAT YOU CAN'T GET AWAY IF NOTHING HERE, MY CONSTITUTIONAL RIGHTS HAVE/IS BEING VIOLATED, THE OFFICIAL'S HAVE WENT TO FAR TO TURN BACK NOW, I'M ALLOWED (WITNESSES) IN ANY CASE, HEARING OR WHATEVER? BREAKING RULES!

Signature: Michael Lynn Watson Date Submitted: 11/2/06

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ____________

☐ See Attached Letter

Date: ____________

CDC 602 (12/87)

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Time Limits

Location: Institution/Parole Region 1. 2.
Log No. 1. 2.
Category 6/3
DATE ON 128G

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| MICHAEL WATERS | P-16171 | NONE | B-8-110 |

A. Describe Problem: TO: RECORD - OFFICE-CLERK )
ON 3/6/06 (ICC) WAS HELD IN THE (PSU) PROGRAM, FOR PSU-INMATES, AS THIS (ICC) HAD (WARDEN-PATTEN) PRESENT
DUE TO A MISTAKE BY CCII- LIN FOR, THE RECORDER, HE LISTED (PLAINTIFF) AS GOING TO (ICC) ON (3-8-06). THIS DATE IS INCORRECT, FOR THE FEDERAL DISTRICT COURT/PLAINTIFF NEED TO SHOW THAT (ICC) WAS HELD ON (3-6-06) IN WHICH PLAINTIFF WAS SENT TO (PSU) FROM THE (INFIRMARY) ON 2/28/06. PSU LOG-BOOK SHOULD SHOW ALL DATES OF INMATE MOVEMENT.

If you need more space, attach one additional sheet. SEE (ATTACHED PAGE)

B. Action Requested: THAT THE RECORD/CLERK GIVE TRUTH DATES OF INMATE (MOVEMENT) IN (PSU) ICC HELD ON 3/6/06 ONLY. AND THE OFFICIALS WHO HELD ICC ON 3/6/06. THAT THE CLERK ALSO CHECK PSU LOG BOOKS OF 3/6/06 B-1 INMATES TAKEN TO ICC/ ANY PERJURY/FALSE/RECORDS/ THE CLERK SHALL BE ADDED TO CONST-VIOLATIONS

Inmate/Parolee Signature: Michael Waters Date Submitted: 10/19/06

C. INFORMAL LEVEL (Date Received: )

Staff Response:

Staff Signature: Date Returned to Inmate:

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: Date Submitted:

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

DEC 11 2006 JAN 02 2007
34 34

First Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ______

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: ______ Due Date: ______

Interviewed by: ______

Staff Signature: ______ Title: ______ Date Completed: ______

Division Head Approved: Returned

Signature: ______ Title: ______ Date to Inmate: ______

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Signature: ______ Date Submitted: ______

Second Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ______

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: ______ Due Date: ______

☐ See Attached Letter

Signature: ______ Date Completed: ______

Warden/Superintendent Signature: ______ Date Returned to Inmate: ______

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: ______ Date Submitted: ______

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ______

☐ See Attached Letter

Date: ______

CDC 602 (12/87)

EXHIBIT
" D "

**Division of Adult Institutions**
**P.O. Box 942883**
**Sacramento, CA 94283-0001**

November 27, 2006

Mr. Michael Waters P-16171
B-8-110
Pelican Bay State Prison
P. O. Box 7500
Crescent City CA 95532-0001

Dear Mr.Waters:

This letter is in response to your correspondence directed to the Department of Personnel Administration which wasforwarded to my office for a review. In your correspondence you referred to the issue of your filing a Citizens Complaint pertaining to an alleged violation of your 8th and 14th Amendments regarding your placement in a Behavior Modification Unit (BMU) at Pelican Bay State Prison (PBSP).

According to the California Code of Regulations, Title 15 you are so entitled to file such an action. I encourage you to continue your pursuit to appeal any actions that you may deem inappropriate that affects your incarceration through the available means.

Furthermore, during your tenor in the BMU, you will be schedule for periodic reviews by a Unit Classification Committee regarding your placement in the BMU which is another available avenue to address any concerns you may have regarding your placement in the BMU.

If you still have further concerns you can address those issues through the Inmate/Parolee Appeal Form CDC 602 process. The appeal's process is intended to provide inmates an avenue to voice their position regarding any departmental decision, action, condition, or policy that they believe adversely affects their welfare.

This process is intended to protect the rights of the inmate and ensure that the actions of the California Department of Corrections and Rehabilitation (CDCR) are appropriate.

Sincerely,

MARTIN OVERSTREET
Facility Captain
High Security & Transitional Housing
Division of Adult Institutions

MICHAEL LYNN WATERS
#P-16171 3A03 212 2010
CORCORAN STATE PRISON
P.O. BOX 3461
CORCORAN, CALIFORNIA
93212

CORCORAN STATE PRISON

Hasler
Mail
US

TO: CLERK OF COURT
UNITED STATES DISTRICT COU
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVE.
SAN FRANCISCO, CALIFORNIA
94102